**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| Daedalus Prime LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Case No. 1:26-cv-00081-ADA |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| Marvell Technology, Inc. | § | |
| | § | |
| *Defendant.* | § | |

**<u>STIPULATED PROTECTIVE ORDER</u>**

WHEREAS, Plaintiff Daedalus Prime LLC and Defendant Marvell Technology, Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.  Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL"

1

shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.   For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.    Any document produced before issuance of this Order, including pursuant to the Court's Order Governing Proceedings - Patent Case, with the designation "Confidential" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order and any such documents produced with the designation "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3.    With respect to documents, information, or material designated "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE," individually and collectively.

identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.      A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE") may be made at any time.  Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.   Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.   The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5.      "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 16 herein:

(a)      Outside counsel of record in this Action for the Parties.

(b)      Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

(c)     In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action.

(d)     Up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that any Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

(e)     Outside consultants or experts retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties or of an affiliate of a Party hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment, at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

(f)     Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

(g)     The Court and its personnel.

6.     A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party

reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7. Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "CONFIDENTIAL - SOURCE CODE."

9. For Protected Material designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–c) and (e–g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10.  For Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–g); provided, however, that the designating Party shall accommodate reasonable requests to provide summary information to in-house counsel designated pursuant to paragraph 5(c) who exercise no competitive decision-making authority on behalf of the client and reasonably require access to such information.

11.  For Protected Material designated CONFIDENTIAL - SOURCE CODE, the following additional restrictions apply:

(a)  Access to a Party's Source Code Material shall be provided in read only format only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet).  The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 11(h and k) below.   Additionally, except as provided in paragraph 11(k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel or its vendors and shall be maintained in a locked room accessible only to authorized individuals. The stand-alone computer(s) shall have full disk encryption enabled and shall be password protected. Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, smartwatch, or any device capable of accessing the Internet or any other network or external system) is prohibited while accessing the stand-alone computer(s). All persons entering the locked room containing the stand-alone computer(s) shall sign an entry log and agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before being granted access to the stand-alone computer(s). The producing Party may periodically "check in" on the activities of the receiving Party's representatives during any stand-alone computer review and may visually monitor the activities of the receiving Party's representatives from outside the room in which the stand-alone computer(s) is located, but only to ensure that no unauthorized electronic records of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way. The producing Party may not record (visually, audibly or by other means) the activities of the receiving Party's representatives.  The Receiving Party shall not use any software AI-assisted source code development or agent tools that would alter or modify the Source Code Materials.

(b)  The receiving Party shall make reasonable efforts to restrict its requests for such

6

access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.   The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or its vendors shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(c)    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

(d)    The producing Party will produce Source Code Material in read-only computer searchable format on the stand-alone computer(s) as described above.  The parties are engaged in meet-and-confer negotiations regarding the potential use of  source code review software or tools (including but not limited to tools based on large language models) on the stand-alone computer. Before any such tools are used, the Receiving Party must provide details regarding the tools they would like to use, and the Producing Party must be given a reasonable time to evaluate the proposal. Any such tools can only be used with the producing Party or the Court's approval, and must be a closed-loop (i.e., "on the box") system that operates when not connected to the Internet. To the extent necessary and upon good-faith discussion between the Parties, the receiving Party will reimburse the producing Party for the expense for the Source Code Computers and the source code review software or tools, or alternatively, provide to the producing Party Source Code Computers with source code review software or tools installed at the Receiving Parties' expense;

(e)    Access to Source Code Material shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the Producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.   A receiving Party may include excerpts of Source Code Material in an exhibit to a pleading, expert report, or deposition transcript (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert, provided that such personnel helping in the analysis of Source Code Material shall be disclosed pursuant to Paragraph 5(e).

(f)    To the extent portions of Source Code Material are quoted in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as CONFIDENTIAL - SOURCE CODE.

(g)    Except as set forth in paragraph 11(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents that, pursuant to the Court's rules, procedures, and order, must be filed or served electronically, including without limitation expert reports.

(h)    No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "CONFIDENTIAL - SOURCE CODE" material, except that the receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial.  In no event may the Receiving Party print more than 40 consecutive pages or an aggregate total of more than 750 total pages, of source code during the duration of the case without prior written approval by the producing Party. Nothing in this paragraph shall preclude a party from seeking leave of Court for additional printouts or photocopies upon a showing of good cause.  Within 4 business days or such additional time as necessary due to volume requested, the producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "CONFIDENTIAL - SOURCE CODE" unless objected to as discussed below.  The receiving Party shall maintain a log of all such files that are printed or photocopied.  Any output from review tools shall be treated as CONFIDENTIAL - SOURCE CODE" material. Printing of any output from review tools shall count towards the printing limit specified herein.

(i)    Should such printouts or photocopies be permissibly transferred back to electronic media, such media shall be labeled "CONFIDENTIAL - SOURCE CODE" and shall continue to be treated as such and shall be password protected.

(j)    If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceeding(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or

8

photocopies provided that the printouts or photocopies are kept in a secure manner that ensures access is limited to the persons authorized under this Order (*e.g.*, a hotel prior to a Court proceeding or deposition).[3]

(k)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(e) above to another person authorized under paragraph 11(e) above, on paper or removable password protected electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express, or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

(l)     The Receiving Party's Outside Counsel and/or experts/consultants shall be entitled to take electronic or handwritten (hard copy) notes relating to the Source Code Material; such notes may not copy portions of the Source Code into the notes (though the receiving Party may make reference to words and phrases that appear in such Source Code). No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Each page of any notes shall be deleted or destroyed by the producing Party, without reviewing the substance of the notes, except solely for the limited purpose of determining whether the notes contain Source Code information or otherwise comply with this Order, upon discovery. Each page of any such notes containing Source Code information, and any additional notes, analyses, or descriptions relating thereto, must be marked as "CONFIDENTIAL - SOURCE CODE." For the purpose of taking notes electronically and printing such notes only, the producing Party shall provide one non-networked computer (with all internet, network, and camera capabilities disabled). Printing requests for the Receiving Party's electronic source code notes may be made to the Producing Party, who will facilitate printing without review.

(m)    A list of names of persons who will review Source Code Material on the stand-alone computer(s) will be provided to the producing Party in conjunction with any written (including email) notice requesting inspection. Prior to the first inspection of any Source Code Material on the stand-alone computer(s), the receiving Party shall provide five (5) business days' notice to schedule the initial inspection with the producing Party. The receiving Party shall provide three (3) business days' notice in advance of scheduling any additional inspections. Such notice shall include the names and titles for every individual from the receiving Party who will attend the inspection. The producing Party may maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart.

---

[3] The parties are continuing to meet and confer regarding the availability of the source code computer at depositions of witnesses designated to testify on topics relevant to the Source Code Material. The parties reserve all rights on this issue.

(n)    Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(o)    While testifying at deposition or trial in this action only, any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the "CONFIDENTIAL - SOURCE CODE" Information or Items, as evident from its face or reasonably certain in view of other testimony or evidence, are permitted to view such "CONFIDENTIAL – SOURCE CODE" Information or Items. Persons authorized to view "CONFIDENTIAL - SOURCE CODE" Information or Items pursuant to this sub-paragraph shall not retain or be given copies of the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items except while so testifying.

12.    For a Party asserting patents in this Action, any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, and/or CONFIDENTIAL - SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit during the pendency of this Action and for one year after its conclusion, including any appeals.    To ensure compliance with the purpose of this provision, each Party asserting patents in this action shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patents-in-suit.  Nothing in this Order shall prevent a person with access to HIGHLY SENSITIVE MATERIAL from participating in a PTO proceeding, *e.g.*, IPR or PGR,

except for that person shall not participate—directly or indirectly—in the amendment of any claim(s).

13. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving Protected Material shall comply with all applicable export control statutes and regulations. See, e.g., 15 CFR 734.

14. Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.   Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material.   The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

15. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.  If a receiving Party or person authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach; (2) promptly provide written notice to Designating Party of such breach, including information regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

16. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside

counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL.   DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

17.  Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" pursuant to this Order.   Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY.

18.  Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.   The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.   Exhibits to a filing shall conform to the labeling requirements set forth in this Order.   If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19. The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

20. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.   If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.   Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.   Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21. Any person in possession of DESIGNATED MATERIAL will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of DESIGNATED MATERIAL. The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to DESIGNATED MATERIAL solely to personnel and purposes authorized by this Order. As part of these Safeguards, each person will use a secure transfer method for all transfers or communication of DESIGNATED MATERIAL, and take reasonable measures to password protect and encrypt DESIGNATED MATERIAL. Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides

equivalent or greater protections for the security and privacy of DESIGNATED MATERIAL.

22. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

23. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

24. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL - SOURCE CODE" any documents, information, or other material, in whole or in part, produced by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation.   Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

25. If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative

body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena, or court order; and,

(b) promptly notify in writing the person who caused the subpoena, or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order.

(c) If the Designating Party timely[4] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

---

[4] The Designating Party shall have at least 14 days from the service of the notification pursuant to Section 10(a) to seek a protective order.

16

26. Within 30 days after the final termination of this action each Receiving Party must return all Protected Material to the Producing Party or destroy such material. This shall not require the return or destruction of Protected Material that (i) is stored on backup storage media that is overwritten in the normal course of business, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal-hold obligations. Upon the request of the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) confirming the return or destruction of the Protected Material. Notwithstanding this provision, Outside Counsel and In-House Counsel of a party assisting Outside Counsel in the litigation are entitled to retain their correspondence, and an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

27. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

28. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing

Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.   Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

29.    Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

30.    Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

31.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

32.    **Use of Artificial Intelligence and Large Language Models.** DESIGNATED MATERIAL, and all information derived therefrom, shall not be submitted to any Large Language Model ("LLM") or Artificial Intelligence ("AI") tool that does not maintain confidentiality of data submitted and/or stored in such tool or that is trained or fine-tuned based on data submitted and/or stored in such tool ("Non-Confidential AI Tools"). DESIGNATED MATERIAL or information derived therefrom may only be submitted to an AI tool that securely maintains confidential information ("Confidential AI Tool") if the Receiving Party ensures that:

i.      the DESIGNATED MATERIAL or information derived therefrom, and all information generated by the Confidential AI Tool, including residual information stored in the Confidential AI Tool, as a result of the submission of DESIGNATED MATERIAL or information derived therefrom, may be, and is, deleted from the Confidential AI Tool at the close of the litigation;

ii.      the Confidential AI Tool is utilized with industry standard data security safeguards and the DESIGNATED MATERIAL or information derived therefrom available in such tool is not accessible by anyone outside the boundaries of this Protective Order;

iii.      DESIGNATED MATERIAL or information derived therefrom is not used to train, finetune, or otherwise modify any AI Tools or models; and

iv.      the requirements set forth in subsections (i) through (iii) above apply equally to any downstream third-party tools or services integrated with the Confidential AI Tool.

Providing DESIGNATED MATERIAL or information derived therefrom to any Non-Confidential AI Tool is considered unauthorized disclosure to a third party. Nothing in this provision limits the producing Party's ability to use or disclose its own documents and information. Nothing in this provision reduces or eliminates any existing rights or obligations set forth elsewhere in this Protective Order, including those set forth in Paragraph 11 governing CONFIDENTIAL – SOURCE CODE information and Paragraph 26 governing the final disposition of DESIGNATED MATERIAL. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order

otherwise directs.

**IT IS SO STIPULATED.**

Dated: May 6, 2026

*/s/ Justin Constant*

Mark D. Siegmund
Texas Bar No. 24117055
CHERRY JOHNSON SIEGMUND JAMES PC
Bridgeview Center
7901 Fish Pond Road
Waco, Texas 76710
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
msiegmund@cjsjlaw.com

William D. Ellerman
Texas Bar No. 24007151
CHERRY JOHNSON SIEGMUND JAMES PC
8140 Walnut Hill Lane
Suite 830
Dallas, Texas 75231
wellerman@cjsjlaw.com

Garland Stevens
Texas Bar No. 24053910
garland@bluepeak.law
John Brinkmann
Texas Bar No. 24068091
john@bluepeak.law
Richard Koehl
Texas Bar No. 24115754
richard@bluepeak.law
Justin Constant
Texas Bar No. 24067551
justin@bluepeak.law
Robert Magee
California Bar No. 271443
robert@bluepeak.law
Heng Gong
New York Bar No. 4930509
heng@bluepeak.law
BLUE PEAK LAW GROUP LLP

20

3139 West Holcombe Blvd, PMB 8160
Houston, TX 77025
Telephone: 281-972-3036

*Attorneys for Plaintiff Daedalus Prime LLC*

Dated: May 6, 2026

/s/ Karineh Khachatourian

Karineh Khachatourian (pro hac vice)
Trevor Giampaoli (pro hac vice)
Haley Sinfield (pro hac vice)
KXT LAW, LLP
1775 Woodside Road, Suite 204
Redwood City, California 94061
Telephone:  650-239-0420
Fax:  650-249-5013

Jennifer P. Ainsworth
TX State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & VANDEVENTER,
P.C.
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Telephone: 903-509-5000
Fax: 903-509-5091

*Attorneys for Defendant Marvell Technology, Inc.*

**IT IS SO ORDERED** that the foregoing Stipulation is approved.

Dated: 05/11/2026.

_____
ALAN D ALBRIGHT
United States District/Magistrate Judge

21

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| Daedalus Prime LLC, | § | |
| | § | |
| v. | § | Case No. 1:26-CV-00081-ADA |
| | § | |
| | § | |
| Marvell Technology, Inc. | § | |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1.  My address is _____.

    My current employer is _____.

    My current occupation is _____.

2.  I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" that is disclosed to me.

4.  Promptly upon termination of this action, I will return or destroy all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL -

1

SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed, and I will certify in writing that all such materials have been returned or destroyed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____