**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS,**
**AUSTIN DIVISION**

| | |
|---|---|
| DAEDALUS PRIME LLC<br>　　　　Plaintiff<br><br>v.<br><br>MARVELL TECHNOLOGY, INC.<br>　　　　Defendant | Civil Action No.: 1:26-cv-00081-ADA |

## DEFENDANT MARVELL TECHNOLOGY, INC.'S OPPOSED MOTION FOR CLARIFICATION OF ORDER REGARDING AUSTIN DIVISION DOCKET (ECF NO. 38) and REQUEST FOR EXPEDITED CONSIDERATION

## I.    INTRODUCTION

Defendant Marvell Technology, Inc. ("Marvell") respectfully requests clarification regarding the effect of the Court's April 23, 2026 Order Regarding Austin Division Docket (ECF No. 38) (the "Vacatur Order") on the opening of fact discovery and the remaining non-hearing deadlines in the Court's March 2, 2026 Scheduling Order (ECF No. 33), and, as discussed with Plaintiff in the meet and confer process, respectfully requests expedited consideration.

Marvell and Plaintiff Daedalus Prime LLC ("Daedalus") have fundamentally different understandings of the effect of the Vacatur Order on the Scheduling Order. Those differing interpretations create uncertainty as to whether (i) fact discovery has commenced; (ii) written discovery served by Daedalus on July 14, 2026 (*see* Exs. 1-2) triggered any response obligations; (iii) Daedalus' Rule 30(b)(6) deposition notice (*see* Ex. 3) is premature; and (iv) the remaining deadlines under the Scheduling Order continue to run. Absent clarification from the Court, the parties face unnecessary motion practice, disputes regarding waiver, and the risk of inconsistent compliance with the Scheduling Order.

Clarification is especially warranted because this case remains in its pre-*Markman* stage. The Court has already determined that Daedalus' infringement contentions are inadequate and ordered Daedalus to amend.  Those deficiencies have not yet been cured, and the case therefore remains in the pre-*Markman* phase.  Despite that posture, Daedalus is seeking to compel Marvell to engage in full fact discovery, including broad written discovery and Rule 30(b)(6) testimony, before providing the infringement contentions the Court has required. Clarification of the Vacatur Order is therefore necessary to ensure that discovery proceeds in an orderly manner consistent with the Court's prior rulings, the OGP (which, at a minimum, informs the Scheduling Order), and the procedural posture of this case.

## II.    BACKGROUND

The Scheduling Order identified July 13, 2026 as the placeholder date for the *Markman* hearing and provided that fact discovery would open and Initial Disclosures would be due the following day, July 14, 2026. ECF No. 33 at 3. A footnote accompanying the *Markman* hearing date states, "All deadlines hereafter follow the original *Markman* hearing date and do not change if the Court ***delays*** the *Markman* hearing." *Id.* at 3 n.3 (emphasis added).

The Court subsequently entered the Vacatur Order, which vacated all hearings, pretrial conferences, and trial dates in this case. *See* ECF No. 38. The Vacatur Order did not reschedule the *Markman* hearing or expressly address whether fact discovery or the remaining non-hearing deadlines in the Scheduling Order would continue to run. *See id.* The Parties are still operating under the Court's OGP, which informs the Scheduling Order and generally governs the case, and says: "Except with regard to venue, jurisdictional, and claim construction-related discovery, all other discovery shall be stayed until after the *Markman* hearing." Standing Order Governing Patent Proceedings,  Austin Division (Mar. 5, 2025) (the "OGP"), Section III.

The Vacatur Order was entered against the backdrop of Judge Albright's announced departure from the bench at the end of August 2026 and the Court's anticipated reassignment of this case. *See, e.g.*, *Amended Order Assigning the Business of the Court*, Item XIII (W.D. Tex. May 18, 2026). This case has not yet been reassigned. Thus, unlike a routine postponement of a hearing on the same judge's calendar, the *Markman* hearing was vacated without a replacement date in connection with an impending judicial transfer.

The parties also remain engaged in the Court's pre-*Markman* dispute resolution process. On July 10, 2026, Daedalus submitted a dispute chart seeking additional technical document production from Marvell. On July 15, 2026, Marvell submitted a dispute chart addressing the inadequacy of Daedalus' infringement contentions, explaining that Daedalus should be required

to provide either (1) individual infringement charts for each Accused Product or Accused Function or (2) a representative chart accompanied by a detailed explanation demonstrating how each Accused Product or Accused Function is represented by that chart, sufficient to put Marvell on notice of its infringement theory for each accused product or function. On July 22, 2026, the Court resolved both disputes. The Court (1) ordered that, after Daedalus identifies and charts the Accused Products/Functions with the information available to it, Marvell must, within 21 days, produce additional technical documents, including source code where applicable, sufficient to show their operation, (2) denied Daedalus' remaining requests for additional technical discovery at that time, and (3) ordered Daedalus to provide infringement contentions containing either individual charts for each Accused Product/Function or a representative chart accompanied by a detailed explanation of how each accused product or function is represented by that chart. Thus, the Court established a phased pre-*Markman* process requiring Daedalus to first provide adequate infringement contentions before broader technical discovery proceeds.

Despite that procedural posture, Daedalus has attempted to initiate broad fact discovery, including extensive written discovery and Rule 30(b)(6) testimony, before complying with the Court's July 22nd Order. On July 14, 2026, Daedalus served its Initial Disclosures, first set of requests for production, and first set of interrogatories. Following that service, the parties conferred regarding whether fact discovery had opened in light of the Vacatur Order. Marvell took the position, among others, that fact discovery did not open on July 14th because the Court had **vacated**, not merely "delay[ed]," the *Markman* hearing to which the opening of fact discovery and the subsequent deadlines were tied. Moreover, Marvell informed Daedalus that its position on the opening of fact discovery was inconsistent with its July 10th submission of pre-*Markman* discovery dispute charts. Daedalus took the position that the Vacatur Order affected

3

only the hearings, pretrial conferences, and trial dates expressly identified and had no effect on fact discovery or any other deadline in the Scheduling Order.

## III.    CLARIFICATION IS WARRANTED

### A.    The Court's Orders are Ambiguous and, Construed in Context, are Best Understood as Not Opening Fact Discovery.

The parties' competing interpretations demonstrate ambiguity regarding the intended sequencing of the case. Marvell's interpretation, however, is the more reasonable one for this particular case. The Court's July 22nd Order expressly requires Daedalus to amend its infringement contentions. Only after Daedalus satisfies that obligation does the Order require Marvell to produce additional technical documents, pursuant to the Scheduling Order, for any additional accused products newly charted. That sequential framework is inconsistent with Daedalus' position that full fact discovery should proceed before Daedalus complies with the Court's directive to provide adequate infringement contentions.

In this context, the Scheduling Order, as informed by the OGP, assumes Plaintiff met its infringement contentions obligations and addresses what occurs if the Court *delays* the *Markman* hearing. In that circumstance, footnote 3 provides that all deadlines following the original hearing date remain unchanged. ECF No. 33 at 3 n.3. However, the Vacatur Order did not delay or reschedule the *Markman* hearing. Rather, it *vacated* the hearing outright, together with all other hearings, pretrial conferences, and trial dates, without setting a new date, in anticipation of a change in judicial assignment. *See* ECF No. 38 at 1. The footnote, which is standard in Judge Albright scheduling orders (*see* OGP, Appendix A), did not contemplate reassignment to a new judge or that Plaintiff's infringement contentions would be deficient at this stage.

A contrary interpretation that does not account for reassignment is implausible because the timing of any new *Markman* hearing will necessarily depend on the newly assigned judge's

4

docket and case-management decisions, neither of which could have been reflected in the Scheduling Order. That uncertainty is significant because the Scheduling Order contemplates that full fact discovery will proceed after the *Markman* ruling, which informs the parties' discovery efforts and later deadlines, including those for final infringement and invalidity contentions.

The parties' conduct immediately surrounding the July 10th and 15th dispute submissions also demonstrates that Marvell's interpretation is plausible. Shortly before fact discovery purportedly opened, Daedalus repeatedly contended that Marvell's pre-*Markman* technical document productions were deficient, resulting in the submission of competing pre-*Markman* dispute charts. And the Court's July 22nd Order on those disputes likewise suggests that the case remains in its pre-*Markman* stage. As stated, Daedalus must supplement its infringement contentions and Marvell must produce additional technical discovery after Daedalus complies, imposing obligations tied to the pre-*Markman* process. Thus, unlike a case in which this preliminary process is complete, this case remains in the pre-*Markman* stage contemplated by the Scheduling Order and OGP. Proceeding with general fact discovery under Daedalus' interpretation would require the parties to move forward before that sequence has run its course.

Daedalus' July 14th discovery requests likewise underscore why Marvell's interpretation is more sensible. Many requests seek discovery that is necessarily dependent upon the parties' claim construction positions, further confirming that such discovery is premature before the pre-*Markman* process has concluded. For example, the RFPs define "Accused Instrumentality" in a manner that relies on "Plaintiff's current operative infringement contentions," which is the subject of pre-*Markman* disputes. Ex. 1 at 4 n.1. Additionally, several requests implicate terms that remain disputed in the *Markman* briefing, including "first domain" and "second domain," "first cluster" and "second cluster," and "multi-threaded cores." *See* ECF No. 51; *see* Ex. 1, RFP

Nos. 4, 7, 10, 13. Likewise, RFP Nos. 25-27 and 36 seek discovery regarding infringement and validity positions that necessarily depend on claim construction. *See* Ex. 1, RFP Nos. 25-27. Accordingly, completion of the pre-*Markman* phase and the hearing, including the disputed terms' construction, may bear on the scope of relevant and responsive documents.[1]

Daedalus relies on the fact that the Vacatur Order only expressly identified hearings, pretrial conferences, and trial dates. However, the Vacatur Order also does not state that every non-hearing deadline remains unchanged or explain how its vacatur of the *Markman* hearing interacts with the Scheduling Order's treatment of deadlines following that hearing or the OGP's stay of discovery before the *Markman* hearing. Moreover, Daedalus' conduct is inconsistent with its position before and after the purported opening of fact discovery. If fact discovery is open, there would be no basis for Daedalus to continue seeking orders compelling production of the limited pre-*Markman* productions contemplated by the Scheduling Order after it served written discovery. Daedalus cannot simultaneously seek broad fact discovery and insist that discovery remains intentionally limited before the *Markman* ruling. Those positions are fundamentally inconsistent in the particular posture of this case.

Therefore, Marvell respectfully submits that the more plausible reading of the Court's Orders is that fact discovery did not open on July 14th. At a minimum, however, the Orders do not expressly resolve the unique circumstances of this particular case – including the pending reassignment, the absence of a new *Markman* hearing date, and the incomplete preliminary infringement contentions process –  and clarification is appropriate.

---

[1] Marvell does not ask the Court to determine the proper scope of those requests or grant protective relief. The requests simply demonstrate the practical significance of the Scheduling Order's sequencing of claim construction before fact discovery and reinforce the plausibility of Marvell's interpretation.

**B.      Clarification is Necessary to Determine the Parties' Present Obligations.**

The parties' disagreement is concrete and presently affects their conduct. Under Daedalus' interpretation, fact discovery opened on July 14th, Marvell's periods to respond or object to Daedalus' written discovery began to run upon service, and all remaining non-hearing deadlines remain operative. Under Marvell's interpretation, fact discovery did not open, the written discovery did not trigger present response deadlines, and the deadlines following the original *Markman* date await further clarification from the Court after reassignment.

Without clarification, the parties face uncertainty regarding whether, among other things: (i) fact discovery is presently open; (ii) the response periods associated with Daedalus' written discovery have begun; (iii) final infringement and invalidity contentions remain due on September 9th; and (iv) the other deadlines following the original *Markman* hearing date remain operative. Prompt clarification will permit both parties to proceed under the same understanding of the Court's intended schedule and avoid unnecessary disputes concerning untimeliness, waiver, or noncompliance.

**C.      Marvell Seeks Clarification, Not Reconsideration or Modification.**

For the avoidance of doubt, Marvell does not seek reconsideration or modification of either Order, an extension or stay of any deadline, a protective order, or a ruling on the merits or scope of Daedalus' discovery requests. Marvell asks only that the Court clarify the effect of the Vacatur Order on the existing Scheduling Order. Accordingly, Marvell does not seek relief under Rule 16(b)(4) or ask the Court to find good cause to alter the schedule.

## IV.    CONCLUSION

For the foregoing reasons, Marvell respectfully requests that the Court clarify that:

1. the Vacatur Order suspended the opening of fact discovery, and therefore Initial Disclosures were not due on July 14, 2026;

2.  Marvell's time to respond or object to Daedalus' July 14, 2026 written discovery requests has not begun to run because fact discovery has not yet opened; and

3.  the remaining non-hearing deadlines tied to the original *Markman* hearing date are likewise suspended and are not currently operative pending further order of the Court.

Alternatively, if the Court determines that fact discovery remains open notwithstanding the Vacatur Order, Marvell respectfully requests that the Court order that Marvell's deadline to respond or object to Daedalus' July 14, 2026 written discovery requests shall run thirty (30) days from the date of the Court's clarification order, or such other date the Court deems appropriate.

Marvell respectfully requests expedited consideration of this Motion.

DATED: July 24, 2026                    Respectfully submitted,


                                        /s/ *Karineh Khachatourian (JPA)*
                                        Karineh Khachatourian
                                        David Xue
                                        Trevor Giampaoli
                                        Amanda Ogata
                                        Haley Sinfield
                                        **KXT LAW, LLP**
                                        1775 Woodside Road, Suite 204
                                        Redwood City, California 94061
                                        Telephone: 650-239-0420
                                        Fax: 650-249-5013

                                        Jennifer P. Ainsworth
                                        TX State Bar No. 00784720
                                        jainsworth@wilsonlawfirm.com
                                        **WILSON, ROBERTSON &
                                        VANDEVENTER, P.C.**
                                        909 ESE Loop 323, Suite 400
                                        Tyler, Texas 75701
                                        Telephone: 903-509-5000
                                        Fax: 903-509-5091

                                        Attorneys for Defendant Marvell Technology, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served upon all counsel of record via email on this 24th day of July, 2026.

/s/ *Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth

## CERTIFICATE OF CONFERENCE

The undersigned certifies that the parties conferred regarding the foregoing motion and requested relief, and it is opposed.

/s/ *Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth