# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| DAEDALUS PRIME LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> MARVELL TECHNOLOGY, INC., <br><br> *Defendant.* | Civil Action No. 1:26-cv-00081-ADA |

**PLAINTIFF DAEDALUS PRIME LLC'S FIRST SET OF REQUESTS FOR**
**PRODUCTION OF DOCUMENTS (NOS. 1-41)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and applicable Local Rules, Plaintiff Daedalus Prime LLC hereby requests that Defendant Marvell Technology, Inc. ("Defendant" or "Marvell") respond to Plaintiff Daedalus Prime LLC's First Set of Requests for Production of Documents (Nos. 1-41) in writing, and produce for inspection and copying the documents and other things described below, within thirty (30) days from the date of service, to counsel of record via email or secure file transfer.

**DEFINITIONS**

1.     As used in these Requests, the term "Plaintiff" or "Daedalus Prime" means and refers to Plaintiff Daedalus Prime LLC.

2.     As used in these Requests, the term "Affiliate" means, with respect to a party, any entity or person that, directly or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with such party.

3.     As used in these Requests, the terms "You," "Your," "Defendants," and "Marvell" each mean and refer to Marvell Technology, Inc. and its Affiliates, predecessors, successors, and

assigns, and any officer, director, employee, agent, servant, subsidiary, successor or assign of any of the foregoing.

4.      As used in these Requests, the term "Arm" means and refers to Arm Holdings plc, Arm Limited, ARM Taiwan Limited, ARM, Inc., Arm Technology (China) Co. Limited and their Affiliates, predecessors, successors, and assigns, and any officer, director, employee, agent, servant, subsidiary, successor or assign of any of the foregoing.

5.      As used in these Interrogatories, the term "TSMC" means and refers to Taiwan Semiconductor Manufacturing Company Limited, TSMC North America, TSMC Arizona Corporation, and their Affiliates, predecessors, successors, and assigns, and any officer, director, employee, agent, servant, subsidiary, successor or assign of any of the foregoing.

6.      As used in these Requests, the term "document" has its broadest meaning under Federal Rule of Civil Procedure 34, is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and means and refers to written, recorded, and graphic material of every kind and electronically stored information stored in any medium from which information can be obtained either directly, or, if necessary, after translation by You into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term. Document(s) include the labels or metadata associated with each original or copy.

7.      As used in these Requests, the term "thing" has its broadest meaning under Federal Rule of Civil Procedure 34, including every kind of physical specimen or tangible item, other than a document, in Your possession, custody, or control.

8.      As used in these Requests, the term "concerning" also means and shall be construed to encompass relating to, referring to, describing, evidencing, or constituting.

2

9.      As used in these Requests, the term "communication" means and refers to any thing or document concerning the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

10.      As used in these Requests, the term "person" means and refers to any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

11.      As used in these Requests, when referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this definition and instruction, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

12.      As used in these Requests, when referring to documents, to "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

13.      As used in these Requests, the terms "all," "any," and "each" shall each be construed as encompassing any and all.

14.      As used in these Requests, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15.      As used in these Requests, the use of the singular form of any word includes the plural and vice versa.

3

16.    As used in these Requests, the term "Accused Instrumentality" shall encompass each accused apparatus, product, device, process, method, act, or other instrumentality accused by Plaintiff of infringing a patent-in-suit in this case, including without limitation Marvell's microprocessor and system-on-chip products based on or derived from the ARMv8.2 architecture or subsequent versions of the ARM architecture (including the ARMv9 architecture), such as the Octeon 10 and Octeon Fusion processors, Structera A products, and custom hyperscaler products (including such products based on the Octeon 10 or Neoverse N2 or Neoverse V2 architectures),[1] and each of Your reasonably similar apparatuses, products, devices, processes, methods, acts, or other instrumentalities.

17.    As used in these Requests, the term "Accused Technology" shall encompass (a) the aspects or elements of each Accused Instrumentality identified by Plaintiff, including the products accused in its January 23, 2026 Initial Infringement Contentions and its April 8, 2026 First Supplemental Infringement Contentions, and future supplements to those contentions, if any; and (b) all reasonably similar aspects or elements that are present in or that are used to manufacture any of Your reasonably similar apparatuses, products, devices, processes, methods, acts, or other instrumentalities.

**<u>INSTRUCTIONS</u>**

1.    These Requests apply to documents within Marvell's actual or legal possession, custody, or control or within the possession, custody, or control of Marvell's employees, agents, representatives, and attorneys, including Affiliates, firms, corporations, partnerships, and trusts that Marvell controls and documents in the possession, custody or control of employees, agents, representatives, and attorneys of such entities.

---

[1] *See* Plaintiff's current operative infringement contentions.

2. When a responsive document is not in your possession, custody or control, state the names of the persons or entities who have possession, custody, or control of such document. If such document was in Marvell's possession, custody, or control in the past but is no longer in its possession, custody, or control, Marvell shall state what disposition was made of it and the reasons for such disposition and shall identify any persons or entities having any knowledge of such disposition and the persons or entities responsible for such disposition.

3. When any original, draft, copy, or reproduction of any document responsive to these Requests is or has been revised to include, exclude, or alter any portion, addendum, notation, alteration, emendation, change or amendment, Marvell shall produce each such original draft, copy or reproduction.

4. If Marvell objects to any part of a request and refuses to produce documents responsive to that part, Marvell shall state its objection and answer the remaining portion of that document request. If Marvell objects to the scope or time period of a document request and refuses to answer for that scope or time period, Marvell shall state its objections and produce responsive documents for the scope or time period which Marvell believes is appropriate and Marvell shall include in its response a specific statement as to why it believes the scope or time period is inappropriate.

5. Marvell shall segregate and identify documents according to the Requests to which they are responsive, or produce documents as they are kept in the ordinary course of business.

6. Marvell shall produce entire documents, including attachments, enclosures, cover letters, memoranda, and appendices.

7. Marvell shall produce documents including electronically stored information in their native format with metadata. Marvell may scan documents which exist only on paper and

may produce them in .tiff format with load files. Any comment or notation appearing on any document, and not part of the original text, is to be considered a separate document.

8.     If Marvell withholds any document or information called for by these Requests on the basis of privilege, Marvell shall identify, as to each such document or information:

(a) its date;

(b) the name, position and entity of its authors or senders;

(c) the name, position and entity of its recipients including copy recipient(s);

(d) its general subject matter;

(e) the number of pages; and

(f) the nature of the privilege claimed and a certification that all elements of the claimed privilege are met and have not been waived.

If the author/sender or recipient is an attorney or foreign patent agent, he or she will be so identified.

9.     If Marvell finds the meaning of any term in these Requests is unclear, it shall construe the Requests in order to render responsive any document that might otherwise be rendered non-responsive.

**DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications concerning any patent-in-suit, related patent, or litigation involving any patent-in-suit or related patent.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications concerning Plaintiff or prior litigations involving Plaintiff.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications concerning the design, manufacture, use, and technical operation of each Accused Technology, including but not limited to source code, specifications, schematics, flow charts, artwork, formulas, or other documentation.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications concerning the design, manufacture, use, or technical operation of technology for, or capable of, in whole or in part, dynamically allocating a power budget over multiple domains of a processor, including but not limited to allocating a minimum reservation value to a domain, sharing a remaining portion of the power budget according to a sharing policy value for a domain, determining a power budget for a multi-domain processor for a current time interval, determining a portion of the power budget to be allocated to first and second domains of the processor, controlling a frequency of the domains based on the allocated portions, or determining or storing values used to allocate portions of the power budget among domains.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning the design, manufacture, use, or technical operation of technology for, or capable of, in whole or in part, control of power management policies in multicore processors, including but not limited to receiving a workload configuration input or value, receiving one or more energy performance bias values, determining a global energy performance bias value, accessing a table based on an energy performance bias value or workload configuration value, or updating one or more power settings of one or more power management features based on a workload configuration input, an energy performance bias value, or information obtained from any such table.

7

**<u>REQUEST FOR PRODUCTION NO. 6:</u>**

All documents and communications concerning the design, manufacture, use, or technical operation of technology for, or capable of, in whole or in part, providing a common caching agent for multiple cores of a multicore processor with an integrated input/output module, including but not limited to performing cache coherency operations for multiple cores or for an integrated input/output module in a multicore processor with a shared cache memory, or providing a caching agent that is a single caching agent for a multicore processor or that comprises a plurality of distributed portions associated with corresponding cores.

**<u>REQUEST FOR PRODUCTION NO. 7:</u>**

All documents and communications concerning the design, manufacture, use, or technical operation of technology for, or capable of, in whole or in part, arranging processing cores into virtual clusters with distributed cache slices, including but not limited to cache management circuitry or logic that provides coherent, non-uniform access to the distributed cache slices; power management circuitry or logic that enables a first frequency of operation for a first cluster of the cores and a second frequency of operation for a second cluster of the cores, or that selectively gates power to a cluster of cores and the distributed cache slices corresponding to that cluster; first and second integrated memory controllers coupled with the cores; or a system or processor comprising a plurality of symmetric multi-threaded cores organized into a first cluster and a second cluster, one or more lower-level caches corresponding to the cores, and a shared higher-level cache that includes a plurality of distributed cache slices associated with corresponding cores or clusters.

**<u>REQUEST FOR PRODUCTION NO. 8:</u>**

All documents and communications concerning Your efforts to design, develop, and commercialize each Accused Instrumentality.

8

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications concerning Your efforts to design, develop, or commercialize each Accused Technology.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications concerning Your efforts to design, develop, or commercialize technology for, or capable of, in whole or in part, dynamically allocating a power budget over multiple domains of a processor, including but not limited to allocating a minimum reservation value to a domain, sharing a remaining portion of the power budget according to a sharing policy value for a domain, determining a power budget for a multi-domain processor for a current time interval, determining a portion of the power budget to be allocated to first and second domains of the processor, controlling a frequency of the domains based on the allocated portions, or determining or storing values used to allocate portions of the power budget among domains.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications concerning Your efforts to design, develop, or commercialize technology for, or capable of, in whole or in part, control of power management policies in multicore processors, including but not limited to receiving a workload configuration input or value, receiving one or more energy performance bias values, determining a global energy performance bias value, accessing a table based on an energy performance bias value or workload configuration value, or updating one or more power settings of one or more power management features based on a workload configuration input, an energy performance bias value, or information obtained from any such table.

9

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications concerning Your efforts to design, develop, or commercialize technology for, or capable of, in whole or in part, providing a common caching agent for multiple cores of a multicore processor with an integrated input/output module, including but not limited to performing cache coherency operations for multiple cores or for an integrated input/output module in a multicore processor with a shared cache memory, or providing a caching agent that is a single caching agent for a multicore processor or that comprises a plurality of distributed portions associated with corresponding cores.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications concerning Your efforts to design, develop, or commercialize technology for, or capable of, in whole or in part, arranging processing cores into virtual clusters with distributed cache slices, including but not limited to cache management circuitry or logic that provides coherent, non-uniform access to the distributed cache slices; power management circuitry or logic that enables a first frequency of operation for a first cluster of the cores and a second frequency of operation for a second cluster of the cores, or that selectively gates power to a cluster of cores and the distributed cache slices corresponding to that cluster; first and second integrated memory controllers coupled with the cores; or a system or processor comprising a plurality of symmetric multi-threaded cores organized into a first cluster and a second cluster, one or more lower-level caches corresponding to the cores, and a shared higher-level cache that includes a plurality of distributed cache slices associated with corresponding cores or clusters.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to show the earliest use or testing of each Accused Instrumentality.

10

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to show the earliest use or testing of each Accused Technology including, in particular, each Accused Technology in each Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and communications relating to Your decision to include each Accused Technology in any product or process, including, in particular, each Accused Technology in each Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 17:**

All communications with any third party concerning the design, development, manufacture, use, testing, commercialization, licensing, sale, or offer for sale of any Accused Technology.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications concerning Your promotion and marketing of each Accused Instrumentality, including but not limited to internal, external, or commissioned marketing studies, market surveys, advertising plans, promotional plans, short term business plans, long term business plans, strategic documents, board of directors meeting minutes, and executive committee meeting minutes.

**REQUEST FOR PRODUCTION NO. 19:**

All contracts, agreements, or other documents between You and any customer, supplier, reseller, or distributor concerning each Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to identify Your customers, OEMs, resellers, distributors, and cloud customers for each Accused Instrumentality, and the end users of each Accused Instrumentality.

11

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications concerning promotion or marketing of each Accused Technology, including but not limited to internal, external, or commissioned marketing studies, market surveys, advertising plans, promotional plans, short term business plans, long term business plans, strategic documents, board of directors meeting minutes, and executive committee meeting minutes.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications concerning the value of each Accused Technology, including but not limited to: valuations performed by You or a third party regarding the Accused Technology, or products incorporating one or more of the Accused Technologies, or any need for any Accused Technology in any Accused Instrumentality; any licenses, sales, or offers to sell concerning Accused Technology or any products incorporating any Accused Technology; and documents sufficient to show pricing and cost information (including materials and processing costs) associated with each Accused Technology.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and communications with Arm concerning the development of Marvell products that include ARM technology, licenses with Arm, Arm Total Design, Arm Flexible Access, or Arm Neoverse Compute Subsystems (CSS).

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications concerning the value of any technology claimed by any patent-in-suit, including but not limited to valuations performed by You or a third party regarding any such technology, or products incorporating such technology, or any need for such technology in any Accused Instrumentality; any licenses, sales, or offers to sell concerning such

12

technology or any products incorporating such technology; and documents sufficient to show

pricing and cost information (including materials and processing costs) associated with such

technology.

**REQUEST FOR PRODUCTION NO. 25:**

All documents supporting or refuting any contention of Yours that an asserted claim of a

patent-in-suit is not infringed.

**REQUEST FOR PRODUCTION NO. 26:**

All documents supporting or refuting any contention of Yours that an asserted claim of a

patent-in-suit is invalid or unenforceable.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and communications concerning any differences between the invention

claimed by an asserted claim of a patent-in-suit and the prior art.

**REQUEST FOR PRODUCTION NO. 28:**

All documents and communications concerning the level of ordinary skill in the art of the

invention claimed by an asserted claim of each patent-in-suit.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and communications concerning the commercial success of, demand for,

and actual use of each Accused Instrumentality or Accused Technology, including usage statistics,

telemetry, and any reports or studies concerning how and how frequently the Accused Technology

is invoked or performed in operation.

**REQUEST FOR PRODUCTION NO. 30:**

Documents sufficient to show Your sales, revenues, and gross profits of each Accused

Instrumentality, since September 8, 2019, in the United States and worldwide, on a monthly basis.

13

**REQUEST FOR PRODUCTION NO. 31:**

All documents and communications concerning any specification, guideline, manual, datasheet, application note, developer or programming guide, SDK, reference design, or instruction for any Accused Instrumentality or Accused Technology provided by You to any customer, OEM, distributor, foundry partner, or end user, or provided to You by any such person.

**REQUEST FOR PRODUCTION NO. 32:**

All documents concerning technical support You provide or have provided to any customer, OEM, or end user relating to the configuration or use of any Accused Technology in any Accused Instrumentality.

**REQUEST FOR PRODUCTION NO. 33:**

All documents and communications concerning Your awareness, notice, or knowledge of any patent-in-suit or related patent or portfolio at any time prior to the filing of this Action, including but not limited to the date on which any individual at Marvell first became aware of each patent-in-suit or related patent or portfolio, the source of such knowledge, and any internal dissemination of such knowledge.

**REQUEST FOR PRODUCTION NO. 34:**

All documents and communications concerning Your awareness, notice, or knowledge of any litigation involving a patent-in-suit or related patent at any time prior to the filing of this Action, including but not limited to the date on which any individual at Marvell first became aware of each such litigation involving a patent-in-suit or related patent, the source of such knowledge, and any internal dissemination of such knowledge.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and communications between You (or any person or entity acting on Your behalf) and Daedalus Prime LLC, Intel Corporation, or any prior owner, licensee, or assignee of any patent-in-suit, concerning the patents-in-suit or any of the Accused Technologies.

**REQUEST FOR PRODUCTION NO. 36:**

All documents and communications concerning any analysis or opinion (whether by counsel, in-house personnel, or a third party) of any patent-in-suit, or of whether any Accused Instrumentality or Accused Technology infringes or is covered by any patent-in-suit, including any freedom-to-operate, clearance, infringement, validity, or design-around analysis directed to any patent-in-suit. To the extent any such document is withheld on the basis of attorney-client privilege or work-product, You shall log such documents in accordance with the procedures herein.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and communications concerning Your policies, practices, or procedures for monitoring or evaluating third-party patents relating to computer processors, including processor power management, processor cache coherency, multi-core or clustered processor architecture, or distributed cache slices, including any patent-watch service, patent-landscape analysis, or competitive-intelligence report concerning any patent-in-suit or any Accused Technology.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and communications concerning any indemnification, defense, hold-harmless, or cost-sharing agreement (or any obligation arising therefrom) between You, on the one hand, and Arm, TSMC, any other foundry or semiconductor fabrication partner, or any customer (including any hyperscaler or cloud-service customer), their affiliates, or any other supplier,

15

manufacturer, joint developer, or other third party, on the other hand, concerning any patent-in-suit, any Accused Instrumentality, or any Accused Technology.

**REQUEST FOR PRODUCTION NO. 39:**

All documents related to communications between You and/or your agents or representatives, on the one hand, and Arm, TSMC, any other foundry or semiconductor fabrication partner, or any customer (including any hyperscaler or cloud-service customer), their affiliates, or any other supplier, manufacturer, joint developer, or other third party and/or their affiliates, agents, or representatives, on the other hand, concerning Daedalus Prime or prior litigations involving Daedalus Prime.

**REQUEST FOR PRODUCTION NO. 40:**

All documents You intend to rely upon at trial.

**REQUEST FOR PRODUCTION NO. 41:**

All documents that You receive in response to Your subpoena of a non-party in this matter.

Dated: July 14, 2026                    By: */s/ Richard Koehl*

Garland Stephens
 LEAD ATTORNEY
 Texas Bar No. 24053910
 garland@bluepeak.law
Justin Constant
 Texas Bar No. 24067551
 justin@bluepeak.law
Richard Koehl
 Texas Bar No. 24115754
 richard@bluepeak.law
John Brinkmann
 Texas Bar No. 24068091
 john@bluepeak.law
**BLUE PEAK LAW GROUP LLP**
3139 West Holcombe Blvd, PMB 8160
Houston, TX  77025
Telephone: 281-972-3036

16

Robert Magee
  California Bar No. 271443
  robert@bluepeak.law
**BLUE PEAK LAW GROUP LLP**
3790 El Camino Real, PMB 846
Palo Alto, CA  94306-3314
Telephone: 281-972-3036

Heng Gong
  New York Bar No. 4930509
  heng@bluepeak.law
**BLUE PEAK LAW GROUP LLP**
PO Box 20006
New York, NY 10025-1510
Telephone: 281-972-3036

*Of Counsel:*
Mark D. Siegmund
State Bar No. 24117055
**CHERRY JOHNSON SIEGMUND JAMES
PLLC**
Bridgeview Center
7901 Fish Pond Road, 2nd Floor
Waco, Texas 76710
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
msiegmund@cjsjlaw.com

William D. Ellerman
Texas Bar No. 24007151
**CHERRY JOHNSON SIEGMUND JAMES
PLLC**
One Glen Lakes Tower
8140 Walnut Hill Lane, Suite 105
Dallas, Texas 75231
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
wellerman@cjsjlaw.com

*Attorneys for Plaintiff Daedalus Prime LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2026, I caused the foregoing document, *Plaintiff Daedalus Prime LLC's First Set of Requests for Production of Documents (Nos. 1-41)*, to be served on the following counsel of record by electronic mail:

**Counsel for Defendant Marvell Technology, Inc.:**

Karineh Khachatourian, karinehk@kxtlaw.com
David Xue, david@kxtlaw.com
Trevor Giampaoli, trevor@kxtlaw.com
Haley Sinfield, haley@kxtlaw.com
KXT LAW, LLP
1775 Woodside Road, Suite 204
Redwood City, California 94061

Jennifer P. Ainsworth, jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & VANDEVENTER, P.C.
909 ESE Loop 323, Suite 400
Tyler, Texas 75701

By: ___*/s/ Hannah Kim*___
Hannah Kim, Paralegal