# EXHIBIT 2

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

DAEDALUS PRIME LLC,

*Plaintiff*,

v.

MARVELL TECHNOLOGY, INC.,

*Defendant.*

Civil Action No. 1:26-cv-00081-ADA

## PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-12)

Pursuant to Federal Rules of Civil Procedure 26 and 33 and applicable Local Rules, Plaintiff Daedalus Prime LLC hereby requests that Defendant Marvell Technology, Inc. ("Marvell") respond to the following Interrogatories, under oath, within thirty (30) days of service of these Interrogatories.

## DEFINITIONS AND INSTRUCTIONS

1.    As used in these Interrogatories, the term "Plaintiff" or "Daedalus Prime" means and refers to Plaintiff Daedalus Prime LLC.

2.    As used in these Interrogatories, the term "Affiliate" means, with respect to a party, any entity or person that, directly or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with such party.

3.    As used in these Interrogatories, the terms "You," "Your," "Defendants," and "Marvell" each mean and refer to Marvell Technology, Inc. and its Affiliates, predecessors, successors, and assigns, and any officer, director, employee, agent, servant, subsidiary, successor or assign of any of the foregoing.

1

4.  As used in these Interrogatories, the term "Arm" means and refers to Arm Holdings plc, Arm Limited, ARM Taiwan Limited, ARM, Inc., Arm Technology (China) Co. Limited and their Affiliates, predecessors, successors, and assigns, and any officer, director, employee, agent, servant, subsidiary, successor or assign of any of the foregoing.

5.  As used in these Interrogatories, the term "TSMC" means and refers to Taiwan Semiconductor Manufacturing Company Limited, TSMC North America, TSMC Arizona Corporation, and their Affiliates, predecessors, successors, and assigns, and any officer, director, employee, agent, servant, subsidiary, successor or assign of any of the foregoing.

6.  As used in these Interrogatories, the term "document" has its broadest meaning under Federal Rule of Civil Procedure 34, is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and means and refers to written, recorded, and graphic material of every kind and electronically stored information stored in any medium from which information can be obtained either directly, or, if necessary, after translation by You into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of this term.  Document(s) include the labels or metadata associated with each original or copy.

7.  As used in these Interrogatories, the term "thing" has its broadest meaning under Federal Rule of Civil Procedure 34, including every kind of physical specimen or tangible item, other than a document, in Your possession, custody, or control.

8.  As used in these Interrogatories, the term "concerning" also means and shall be construed to encompass relating to, referring to, describing, evidencing, or constituting.

9.      As used in these Interrogatories, the term "communication" means and refers to any thing or document concerning the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

10.     As used in these Interrogatories, the term "person" means and refers to any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

11.     As used in these Interrogatories, when referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this definition and instruction, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

12.     As used in these Interrogatories, when referring to documents, to "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

13.     As used in these Interrogatories, the terms "all," "any," and "each" shall each be construed as encompassing any and all.

14.     As used in these Interrogatories, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3

15.    As used in these Interrogatories, the use of the singular form of any word includes the plural and vice versa.

16.    As used in these Interrogatories, the term "Accused Instrumentality" shall encompass each accused apparatus, product, device, process, method, act, or other instrumentality accused by Plaintiff of infringing a patent-in-suit in this case, including without limitation Marvell's microprocessor and system-on-chip products based on or derived from the ARMv8.2 architecture or subsequent versions of the ARM architecture (including the ARMv9 architecture), such as the Octeon 10 and Octeon Fusion processors, Structera A products, and custom hyperscaler products (including such products based on the Octeon 10 or Neoverse N2 or Neoverse V2 architectures),[1] and each of Your reasonably similar apparatuses, products, devices, processes, methods, acts, or other instrumentalities.

17.    As used in these Interrogatories, the term "Accused Technology" shall encompass (a) the aspects or elements of each Accused Instrumentality identified by Plaintiff, including the products accused in its January 23, 2026 Initial Infringement Contentions and its April 8, 2026 First Supplemental Infringement Contentions, and future supplements to those contentions, if any; and (b) all reasonably similar aspects or elements that are present in or that are used to manufacture any of Your reasonably similar apparatuses, products, devices, processes, methods, acts, or other instrumentalities.

18.    As used in these Interrogatories, the term "Predecessor-in-Interest" means Intel Corporation and any other prior owner, assignee, or applicant of any patent-in-suit.

---

[1] *See* Plaintiff's current operative infringement contentions.

**INTERROGATORIES**

1.      For each patent asserted, please identify each product that is made, configured to, or operates in a substantially similar manner as the products specified in Plaintiff's infringement contentions for that patent, including by stating all internal names and external product numbers and marketing names for that product.

2.      By month (or other period used by You to maintain records in the ordinary course of business) since September 8, 2019, please identify, by Your product number, product type, model name/number, price, description, and any other designation used by You, each Accused Instrumentality, and state Your sales, revenues, and gross profits for such Accused Instrumentality, in the United States and worldwide and identify any documents relied on to generate Your answer (*e.g.*, by bates number) and those individuals most knowledgeable regarding the information contained in Your answer.

3.      Please identify each third party (*e.g.*, supplier, distributor, foundry, or design or IP partner, such as Arm or TSMC) involved in the design, fabrication, or supply of each Accused Technology, Accused Instrumentality, and/or any component implementing an Accused Technology and describe the nature of that relationship, including any design, development, supply, or licensing arrangement and the persons most knowledgeable.

4.      Identify Your customers, OEMs, resellers, and cloud customers for each Accused Instrumentality, and describe the use each makes of each Accused Technology, including use of the accused Octeon 10 and Octeon Fusion processors and custom hyperscaler products (including but not limited to products based on the Neoverse N2 or Neoverse V2 architectures).

5.      Please identify any agreements (*e.g.*, license agreements, indemnification agreements, technology agreements, co-development agreements, settlements, joint development agreements, commercialization agreements, or agreements to share technology, know-how, software,

trade secrets, intellectual property, software, firmware, and the like) between You and any other entity concerning any Accused Instrumentality and/or Accused Technology. A complete response should identify each such agreement by bates number and the person(s) most knowledgeable concerning each such agreement.

6.      For each patent-in-suit, state all facts concerning when and how You first became aware of the patent (including of any published application that issued as that patent) and/or any litigation involving a patent-in-suit ("Related Litigation"). A complete response should include the date You first acquired such knowledge, the circumstances under which You acquired it, the identity of each person within Marvell who first had such knowledge, any action You took in response, and identify all documents and communications concerning Your first awareness of the patent and/or Related Litigation.

7.      For each patent-in-suit, describe in detail any investigation, analysis, evaluation, or opinion (including any opinion of counsel) that You conducted or obtained concerning the infringement, validity, enforceability, or scope of the patent. A complete response should include the dates, the persons involved, the conclusions reached, whether You continued to make, use, sell, offer to sell, or import any Accused Instrumentality after becoming aware of the patent, and if You contend You relied on any opinion of counsel, state whether You waive privilege as to that opinion.

8.      Describe Your practices for monitoring, reviewing, or evaluating third-party patents during the design and development of each Accused Instrumentality (including but not limited to any patent clearance, freedom-to-operate, landscaping, or competitive-IP analysis) and identify each instance in which any patent-in-suit, Daedalus Prime's or any Predecessor-in-Interest's patent portfolio, any patent litigations involving Daedalus Prime or any patent-in-suit was identified, referenced, or considered, and the persons most knowledgeable.

9.      Please describe the circumstances of Your first introducing each Accused Technology into the Accused Instrumentalities.  A complete response should include, without limitation, the dates of each introduction, the reason such Accused Technology was introduced, the identity of documents describing Your efforts to introduce that Accused Technology (*e.g.*, by bates number), and the identity of the principal persons involved in the decision to develop that Accused Technology and include it in Your business.

10.      Identify and describe in detail the instructions, technical documentation, datasheets, specifications, user guides, developer or SDK materials, training, and technical support You provide to any customer, partner, or end user concerning the configuration or use of each Accused Technology in each Accused Instrumentality.  A complete answer should identify the persons most knowledgeable and the bates numbers for all related documents.

11.      State whether You contend that any Accused Instrumentality has any substantial use other than a use that practices an Accused Technology, and if so, identify each such use and the complete factual basis for Your contention.

12.      If You contend that an asserted claim of a patent-in-suit is not infringed, please state the factual bases for Your contention, including by identifying any documents or things that support Your contention.

Dated: July 14, 2026

By: */s/ Richard Koehl*
Garland Stephens
  LEAD ATTORNEY
  Texas Bar No. 24053910
  garland@bluepeak.law
Justin Constant
  Texas Bar No. 24067551
  justin@bluepeak.law
Richard Koehl
  Texas Bar No. 24115754
  richard@bluepeak.law
John Brinkmann

Texas Bar No. 24068091
john@bluepeak.law
**BLUE PEAK LAW GROUP LLP**
3139 West Holcombe Blvd, PMB 8160
Houston, TX  77025
Telephone: 281-972-3036

Robert Magee
 California Bar No. 271443
 robert@bluepeak.law
**BLUE PEAK LAW GROUP LLP**
3790 El Camino Real, PMB 846
Palo Alto, CA  94306-3314
Telephone: 281-972-3036

Heng Gong
 New York Bar No. 4930509
 heng@bluepeak.law
**BLUE PEAK LAW GROUP LLP**
PO Box 20006
New York, NY 10025-1510
Telephone: 281-972-3036

*Of Counsel:*
Mark D. Siegmund
State Bar No. 24117055
**CHERRY JOHNSON SIEGMUND JAMES PLLC**
Bridgeview Center
7901 Fish Pond Road, 2nd Floor
Waco, Texas 76710
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
msiegmund@cjsjlaw.com

William D. Ellerman
Texas Bar No. 24007151
**CHERRY JOHNSON SIEGMUND JAMES PLLC**
One Glen Lakes Tower
8140 Walnut Hill Lane, Suite 105
Dallas, Texas 75231
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
wellerman@cjsjlaw.com
*Attorneys for Plaintiff Daedalus Prime LLC*

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2026, I caused the foregoing document, *Plaintiff's First Set of Interrogatories (Nos. 1-12)*, to be served on the following counsel of record by electronic mail:

**Counsel for Defendant Marvell Technology, Inc.:**

Karineh Khachatourian, karinehk@kxtlaw.com
David Xue, david@kxtlaw.com
Trevor Giampaoli, trevor@kxtlaw.com
Haley Sinfield, haley@kxtlaw.com
KXT LAW, LLP
1775 Woodside Road, Suite 204
Redwood City, California 94061

Jennifer P. Ainsworth, jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & VANDEVENTER, P.C.
909 ESE Loop 323, Suite 400
Tyler, Texas 75701

By: ___*/s/ Hannah Kim*_____
Hannah Kim, Paralegal

9