# EXHIBIT 3

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

<table>
<tr><td>

DAEDALUS PRIME LLC,

    *Plaintiff*,

  v.

MARVELL TECHNOLOGY, INC.,

    *Defendant*.

</td><td>

Civil Action No. 1:26-cv-00081-ADA

</td></tr>
</table>

**PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION OF
DEFENDANT MARVELL TECHNOLOGY, INC.
(POSSESSION, CUSTODY, AND CONTROL OF DOCUMENTS AND SOURCE CODE)**

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Daedalus Prime LLC ("Daedalus Prime" or "Plaintiff"), by its attorneys, shall take the deposition upon oral examination of Defendant Marvell Technology, Inc. ("Marvell") beginning at 9:30 a.m. Pacific Time on August 11, 2026, at WeWork Riverpark Tower, 333 West San Carlos Street, 5th Floor, San Jose, California 95110, and continuing from day to day until completed, with regard to the topics set forth in this Notice of Rule 30(b)(6) Deposition.

Marvell shall designate one or more officers, directors, managing agents, or other representatives who are knowledgeable as to each of the topics set forth herein to testify on Marvell's behalf. Daedalus Prime requests that Marvell provide written notice, at least five (5) business days in advance of the deposition, of: the name(s) of each designee who has consented to testify on behalf of Marvell; and the topic(s) on which each such person will testify. The deposition will be conducted before an officer authorized to administer oaths, and will be recorded by audio,

1

stenographic, real-time, and/or videographic means. The deposition will be taken for the purposes of discovery and all other purposes permitted by the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

1.      As used in these Topics, the term "Plaintiff" or "Daedalus Prime" means and refers to Plaintiff Daedalus Prime LLC.

2.      As used in these Topics, the term "Affiliate" means, with respect to a party, any entity or person that, directly or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with such party.

3.      As used in these Topics, the terms "You," "Your," "Defendant," and "Marvell" each mean and refer to Marvell Technology, Inc. and its Affiliates, predecessors, successors, and assigns, and any officer, director, employee, agent, servant, subsidiary, successor, or assign of any of the foregoing.

4.      As used in these Topics, the term "document" has its broadest meaning under Federal Rule of Civil Procedure 34, is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" and "thing" in Fed. R. Civ. P. 34, and means and refers to written, recorded, and graphic material of every kind and electronically stored information stored in any medium from which information can be obtained either directly, or, if necessary, after translation by You into a reasonably usable form, and every kind of physical specimen or tangible item. A draft or non-identical copy is a separate document within the meaning of this term. Document(s) include the labels or metadata associated with each original or copy.

5.      As used in these Topics, the term "Source Code" means source code and all human-readable programming instructions and hardware-design descriptions, in any form, for or

relating to any Accused Instrumentality, including without limitation: (a) high-level and low-level source code; (b) firmware and microcode source; (c) hardware description language (HDL) and register-transfer-level (RTL) descriptions (e.g., Verilog, SystemVerilog, or VHDL); (d) high-level synthesis (HLS) inputs; (e) netlists, synthesis scripts, timing and design constraints, and GDSII/GDS layout files; (f) kernel and device drivers and register maps; and (g) build trees, makefiles, build and configuration scripts, and version-control history (including branches, tags, changelists, and repository metadata).

6. As used in these Topics, the term "Technical Documents" means documents and stored information of any type, including both customer-facing and internal (non-customer-facing), that define or describe the architecture, design, implementation, configuration, integration, verification, fabrication, or operation of any Accused Instrumentality, including: (a) system, power-management, and security architecture documentation; (b) IP-block and interconnect documentation; (c) register-transfer-level (RTL) and other design documentation; (d) memory-map documentation; (e) firmware and software-development documentation; (f) verification, validation, test-plan, simulation, and profiling documentation; (g) fabrication, packaging, and integration documentation; and (h) technical reference manuals, configuration and integration manuals, developer guides, and reference designs.

7. As used in these Topics, the term "Repository" means any version-control system, code repository, build system, server, or storage location on or through which Technical Documents or Source Code is created, stored, versioned, maintained, or accessed, whether maintained by Marvell, any Marvell Affiliate, or any third party.

8. As used in these Topics, the term "concerning" also means and shall be construed to encompass relating to, referring to, describing, evidencing, or constituting.

9.     As used in these Topics, the term "communication" means and refers to any thing or document concerning the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

10.     As used in these Topics, the term "person" means and refers to any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

11.     As used in these Topics, when referring to a person, to "identify" or provide the "identity" of means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment.

12.     As used in these Topics, the terms "all," "any," and "each" shall each be construed as encompassing any and all.

13.     As used in these Topics, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14.     As used in these Topics, the use of the singular form of any word includes the plural and vice versa.

15.     As used in these Topics, the term "Accused Instrumentality" shall encompass each accused apparatus, product, device, process, method, act, or other instrumentality accused by Plaintiff of infringing a patent-in-suit in this case, including without limitation Marvell's microprocessor and system-on-chip products based on or derived from the ARMv8.2 architecture or subsequent versions of the ARM architecture (including the ARMv9 architecture), such as the Octeon 10 and Octeon Fusion processors, Structera A products, and custom hyperscaler products

4

(including such products based on the Octeon 10 or Neoverse N2 or Neoverse V2 architectures), as set forth in Plaintiff's operative infringement contentions, and each of Your reasonably similar apparatuses, products, devices, processes, methods, acts, or other instrumentalities.

## DEPOSITION TOPICS

1.    The identity of each custom hyperscaler or customer-specific microprocessor or system-on-chip product that Marvell has designed, developed, or supplied that is based on or derived from the ARMv8.2 architecture or any subsequent version of the ARM architecture (including the ARMv9 architecture), including the product name(s), code name(s), and part number(s) for each such product and the identity of the hyperscaler or customer for whom it was designed, developed, or supplied.

2.    The categories and types of Technical Documents that exist for each Accused Instrumentality, including which categories are customer-facing and which are internal (non-customer-facing).

3.    The categories and types of Source Code, firmware, and microcode that exist for each Accused Instrumentality.

4.    The location(s) and Repositor(ies) on or through which the Technical Documents and Source Code for each Accused Instrumentality are created, stored, maintained, versioned, or backed up.

5.    Whether responsive Technical Documents or Source Code exist for each Accused Instrumentality, and the factual basis for any statement by Marvell that such Technical Documents or Source Code does or does not exist or is or is not within its possession, custody, or control.

6.      Marvell's possession, custody, or control of Technical Documents and Source Code for each Accused Instrumentality, including Technical Documents or Source Code held on or accessible through any Marvell-controlled Repository or build system.

7.      For any Technical Documents or Source Code for an Accused Instrumentality that Marvell contends is not within its possession, custody, or control, the identity of the person or entity that holds such Technical Documents or Source Code and the factual and legal basis for Marvell's contention.

8.      For each Accused Instrumentality that Marvell designs, develops, or supplies for a customer or hyperscaler on a custom basis, the allocation between Marvell and the customer of possession, custody, control, and ownership of the Technical Documents and Source Code, and Marvell's ability and legal right to access and produce those Technical Documents and that Source Code.

9.      The allocation of intellectual-property rights in, and which entity owns and holds, the Technical Documents, Source Code, firmware, and microcode for each Accused Instrumentality.

10.      The identity of the person(s) most knowledgeable about, and the custodian(s) of, (a) the Technical Documents and Source Code for each Accused Instrumentality and (b) the agreements governing the delivery, custody, and access to those Technical Documents and that Source Code.

11.      Marvell's document-retention, collection, and search practices for Technical Documents, Source Code, and related documents and communications concerning each Accused Instrumentality, including the collection and search performed to satisfy the Scheduling Order's technical-document production obligation (Dkt. 33).

Dated: July 21, 2026

By: */s/ Richard Koehl*

Garland Stephens
  Texas Bar No. 24053910
  garland@bluepeak.law
Justin Constant
  Texas Bar No. 24067551
  justin@bluepeak.law
Richard Koehl
  Texas Bar No. 24115754
  richard@bluepeak.law
John Brinkmann
  Texas Bar No. 24068091
  john@bluepeak.law
**Blue Peak Law Group LLP**
3139 West Holcombe Blvd, PMB 8160
Houston, TX  77025
Telephone: 281-972-3036

Robert Magee
  California Bar No. 271443
  robert@bluepeak.law
**Blue Peak Law Group LLP**
3790 El Camino Real, PMB 846
Palo Alto, CA  94306-3314
Telephone: 281-972-3036

Heng Gong
  New York Bar No. 4930509
  heng@bluepeak.law
**Blue Peak Law Group LLP**
PO Box 20006
New York, NY 10025-1510
Telephone: 281-972-3036

*Of Counsel:*
Mark D. Siegmund
State Bar No. 24117055
**CHERRY JOHNSON SIEGMUND
JAMES PLLC**
Bridgeview Center
7901 Fish Pond Road, 2nd Floor
Waco, Texas 76710
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
msiegmund@cjsjlaw.com

7

William D. Ellerman
Texas Bar No. 24007151
**CHERRY JOHNSON SIEGMUND
JAMES PLLC**
One Glen Lakes Tower
8140 Walnut Hill Lane, Suite 105
Dallas, Texas 75231
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
wellerman@cjsjlaw.com

*Attorneys for Plaintiff Daedalus Prime LLC*

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2026, I caused the foregoing document, *Plaintiff's Notice of Rule 30(b)(6) Deposition of Defendant Marvell Technology, Inc. (Possession, Custody, and Control of Documents and Source Code)*, to be served on counsel of record by electronic mail:

Karineh Khachatourian
    karinehk@kxtlaw.com
David Xue
    david@kxtlaw.com
Trevor Giampaoli
    trevor@kxtlaw.com
Haley Sinfield
    haley@kxtlaw.com
KXT LAW, LLP
1775 Woodside Road, Suite 204
Redwood City, California 94061

Jennifer P. Ainsworth
    jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON &
VANDEVENTER, P.C.
909 ESE Loop 323, Suite 400
Tyler, Texas 75701

Counsel for Defendant Marvell Technology, Inc.

*/s/ Richard Koehl*

9