**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| DAEDALUS PRIME LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 1:26-cv-00081-ADA |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| MARVELL TECHNOLOGY, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF DAEDALUS PRIME LLC'S**
**OPPOSED MOTION TO CONSOLIDATE FOR PRETRIAL PURPOSES**
**UNDER FED. R. CIV. P. 42(a)**

Plaintiff Daedalus Prime LLC ("Daedalus") respectfully moves under Federal Rule of Civil Procedure 42(a) to consolidate this action with *Daedalus Prime LLC v. Google LLC*, No. 7:25-cv-00313-DC-DTG (W.D. Tex., Midland/Odessa Div.) (the "Google Action"), **for pretrial purposes only**. Daedalus asks the Court to (1) consolidate the two actions for pretrial purposes; (2) subject to the concurrence of United States District Judge David Counts and this District's case-assignment orders, place this action before Judge Counts for pretrial administration, with pretrial matters referred to United States Magistrate Judge Derek T. Gilliland on terms coextensive with the referral already governing the Google Action, Google Dkt. 11; and (3) preserve separate trials, separate judgments, and **trial of this action in the Austin Division** before the district judge then presiding. In the alternative, and at minimum, Daedalus asks this Court to refer the pretrial matters in this action to Magistrate Judge Gilliland under 28 U.S.C. § 636(b)(1)(A)–(B) and to consolidate the referred pretrial proceedings with those in the Google Action under Rule 42(a).

Daedalus does not seek consolidation for trial and does not seek to change the venue of any trial or any proceeding. Trial of this action remains in the Austin Division.

## INTRODUCTION

Two actions now pending in this District assert the same Daedalus patents against modern processor chips: Marvell's Octeon 10 processors in this case, Google's Axion and Tensor processors in the other. One of them has a completed claim-construction hearing, a twenty-five-page order deciding what the disputed terms of U.S. Patent No. 10,372,197 mean, and a calendar that runs to an August 2, 2027 jury selection. The other—this one—has none of those things. Claim construction and Marvell's motion to dismiss are fully briefed here, but neither has a hearing date: the Court's April 23, 2026 Order vacated the hearing and trial settings in this and twenty-eight other Austin Division cases, and no replacement hearing or trial dates have issued.

Rule 42(a) is the answer. It authorizes the Court to "consolidate the actions" or "issue any other orders to avoid unnecessary cost or delay" where "actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). Daedalus asks the Court to place the pretrial work of this case before the judicial officers already reading these patents, and to leave everything else where the parties and this Court have put it: no case leaves this Division, no trial moves, and no venue right is at stake. And if the Court prefers a path requiring no action by any other judge, it may simply refer this action's pretrial matters to Magistrate Judge Gilliland under 28 U.S.C. § 636(b)(1) and consolidate the referred proceedings — relief entirely within this Court's own power.

*First*, the actions share the questions Rule 42(a) asks about: two of the same patents, asserted against processor products, with claim-construction records that interlock term by term. *Second*, one judicial officer of this District has already resolved those disputes after full briefing and a hearing; consolidation lets both actions draw on that work through a single adjudicator rather than paying for it twice and risking two different answers to the same question. *Third*, pretrial consolidation takes nothing from Marvell: this action has no setting left to lose, its Austin trial is

expressly preserved, and Marvell's own counsel were admitted in both actions. The motion should be granted.

## STATEMENT OF FACTS

### A. The two actions assert the same patents against processor products.

Daedalus filed the Google Action in the Midland/Odessa Division, where it was assigned to Judge Counts on July 15, 2025. It filed this action on September 8, 2025, in that same Division, as No. 7:25-cv-00413; in January 2026 the parties jointly stipulated to its transfer to the Austin Division under 28 U.S.C. § 1404(b), agreeing "that this Action remain on the docket of Judge Albright, subject to Judge Albright's approval." Dkt. 19 at 2; Dkt. 20.

Both actions assert U.S. Patent Nos. 10,372,197 and 8,984,228. *See* Dkt. 46 at 1; Dkt. 39 at 1; Google Dkt. 1 at 1. A third patent in the Google Action, U.S. Patent No. 8,775,833, "claims priority to this case's asserted U.S. Patent No. 8,769,316," *see* Dkt. 39 at 1, so the actions draw on a shared disclosure. The Google Action asserts the common patents against Google's Axion server CPU and Tensor SoCs, Google Dkt. 1 ¶¶ 42, 66, 78; this action asserts them against Marvell's Octeon 10 processor family, among others. *See* Dkt. 46 ¶¶ 43, 82, 95.

Each case also includes asserted patents that are unique to that case. *See generally* Dkt. 46; Google Dkt. 1. U.S. Patents Nos. 10,705,960 and 10,725,919 are asserted in this action but not the Google Action. *See, e.g.*, Dkt. 46 ¶ 1. U.S. Patents Nos. 8,898,494 and 11,507,167 are asserted in the Google Action but not this action. *See, e.g.*, Google Dkt. 1 ¶¶ 54, 90.

### B. The Google Action: pretrial referred, claim construction decided, trial set.

Ten days after assignment, Judge Counts referred the Google Action to Magistrate Judge Gilliland under 28 U.S.C. § 636 and Appendix C of the Local Court Rules. Google Dkt. 11 at 1. That order directed: "Any pretrial matter will be handled by the Magistrate Judge," with authority to issue preliminary orders and conduct any necessary hearings, and with dispositive matters

proceeding by proposed findings and recommendations. *Id*. That referral—everything before trial, decided or recommended—is the measure of what Daedalus asks for here, and no more.

The parties briefed claim construction in four rounds and argued the disputed terms at the *Markman* hearing held on June 3, 2026. Google Dkt. 46 at 2–3; Google Dkt. 80 at 1, 9, 13, 24; Dkt. 39 at 1. On July 20, 2026, Magistrate Judge Gilliland issued a twenty-five-page Claim Construction Order construing, as relevant here, the '197 terms "energy performance bias (EPB) value" and "workload configuration input" / "workload configuration value" (plain and ordinary meaning) and rejecting the indefiniteness challenge to the '197 "is to" limitations as to claims 2–3, 5–7, 9–10, 15–16, and 18–20 of the '197 Patent. Google Dkt. 80 at 25. On August 3, 2026, Google filed Rule 72(a) objections challenging the order's constructions, including all three '197 rulings. Google Dkt. 86 at 1, 3–8. The current Google Action scheduling order runs to an August 2, 2027 jury selection, with fact discovery closing January 27, 2027. Google Dkt. 83 at 1–3.

**C. This action: everything briefed, nothing set.**

Claim construction here is complete on paper (Dkts. 44, 45, 47, 48; Joint Claim Construction Statement, Dkt. 51), and Marvell's motion to dismiss the Second Amended Complaint is fully briefed (Dkts. 49, 52, 53). Both await a hearing that has no date. On April 23, 2026, the Court's Order Regarding Austin Division Docket vacated "all hearings, pretrial conferences, and trial dates" in twenty-nine Austin Division cases, including this action's July 13, 2026 *Markman* setting. Dkt. 38 at 1 & App'x A; Dkt. 33 at 3. No replacement date has issued; as Marvell puts it, "the timing of any new *Markman* hearing will necessarily depend on the newly assigned judge's docket and case-management decisions." Dkt. 55 at 4–5. Other deadlines, by contrast, are running: fact discovery is open and the non-hearing deadlines remain "operative pending further order." Dkt. 56 at 1.

The two claim-construction records interlock, term by term. The indefiniteness dispute over the ’197 “is to” limitations that Magistrate Judge Gilliland resolved is pending here too, on overlapping claims. Dkt. 51 at 3. The parties here have *agreed* that “workload configuration input” and “workload configuration value” “are to be given their plain and ordinary meaning,” Dkt. 51 at 1—the construction Judge Gilliland adopted, and the one Google’s pending Rule 72(a) objection asks Judge Counts to reject, Google Dkt. 86 at 7–8. And the parties here have agreed that “domain” in the ’316 Patent means “a collection of hardware and/or logic that operates at the same voltage and frequency point,” Dkt. 51 at 1—word for word the construction adopted in the Google Action for the ’833 Patent. Google Dkt. 80 at 25. Daedalus has filed the Google claim construction order here as supplemental authority. Dkt. 54.

## LEGAL STANDARD

District courts “have very broad discretion in deciding whether or not to consolidate,” *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993), and consolidation “is proper when two or more district court cases involve common questions of law and fact and the district judge finds that consolidation would avoid unnecessary costs or delay,” *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989). The power may be exercised for pretrial purposes alone, as this Court has done, in this Division, over objection. *See Glass Lewis & Co. v. Paxton*, No. 1:25-cv-01153-ADA, ECF No. 75 at 1 (W.D. Tex. Dec. 18, 2025) (consolidating Austin Division cases “for all purposes except trial”); *Affinity Labs of Tex., LLC v. Blackberry Ltd.*, No. W:13-CV-362, 2014 WL 12551206, at *1 (W.D. Tex. Apr. 4, 2014) (nine patent actions consolidated “only for pretrial issues”).

Rule 42(a) asks only that the actions be “before the court,” and both actions are before this court, the Western District of Texas: “District courts have broad discretion under Fed.R.Civ.P. 42([a]) to consolidate causes pending in the same district.” *In re Dearborn Marine Serv., Inc.,* 499

F.2d 263, 268, 270–71 (5th Cir. 1974) (no abuse of discretion to consolidate a Galveston Division proceeding with Houston Division suit).[1] Which judge conducts the consolidated pretrial proceedings is a matter of this court's internal assignment: "District judges may by rule, order or consent transfer cases between themselves," *United States v. Stone,* 411 F.2d 597, 598 (5th Cir. 1969) (per curiam) (citing 28 U.S.C. § 137); *accord United States v. Martinez,* 686 F.2d 334, 338–39 (5th Cir. 1982) (transfer and consolidation of actions docketed before different judges of the same district "were proper"); *Castaneda v. Swift Transp. Corp.,* No. EP-07-CV-369-DB, 2009 WL 10669207, at *1, *4 & nn.4, 6 (W.D. Tex. July 15, 2009) (granting an opposed motion for pretrial-only consolidation of three cases assigned to three different El Paso judges). The District's assignment order expressly provides that "any judge may reassign any case, matter or proceeding to another judge by mutual consent." Amended Order Assigning the Business of the Court, Item XIX(a) (W.D. Tex. July 31, 2026).[2] And § 636 supplies the referral authority: a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A)–(B). Furthermore, "[m]agistrate judges have authority to issue appropriate orders under Rule 42(a), including consolidating related actions." *Johnson v. El Centro del Barrio,* No. 5:23-CV-1200-JKP, 2023 WL 11756171, at *1 (W.D. Tex. Dec. 1, 2023).

---

[1] *Hobbs v. Kendall*, No. 5-22-CV-00739-FB-RBF, Dkt. No. 13 (W.D. Tex. Dec. 15, 2022), is not to the contrary: it declined to reach cases pending in the Del Rio Division only temporarily, instead ordering motions for § 1404(b) transfer so that a true merger could proceed under a single lead case. *See id.* at 3. Its only cited authority, *Silver v. Goodman*, 234 F. Supp. 415, 416 (D. Conn. 1964), concerns transfer between districts, not divisions. This motion transfers, closes, and merges nothing, and *Hobbs* nowhere engages the Fifth Circuit's decision in *Dearborn Marine*.

[2] The action is not transferred, remains on this Court's Austin Division docket at all times, and proceeds to trial in Austin; the proposed order provides that any in-person hearing in this action will be held in Austin or by videoconference. Section 1404(b) is accordingly not invoked, though it remains available on all parties' consent. And 35 U.S.C. § 299 reaches only joinder and having "actions consolidated for trial," 35 U.S.C. § 299(a); "consolidation for pretrial proceedings is not addressed in § 299." *Affinity Labs*, 2014 WL 12551206, at *4.

## ARGUMENT

### I. The Two Actions Share Common Questions of Law and Fact, Which Is All Rule 42(a) Requires.

Rule 42(a)'s trigger is a common question, not a common defendant or product: "[T]he existence of a common question by itself is enough to permit consolidation under Rule 42(a), even if the claims arise out of independent transactions." *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012) (quoting 9A Charles Alan Wright et al., *Federal Practice and Procedure* § 2382 (3d ed. 2008)). The patents alone decide the question: the '197 and '228 Patents are asserted in both actions, Dkt. 39 at 1; Google Dkt. 1 ¶ 1, and *In re EMC* itself explains that same-patent suits "raise common questions of claim construction and patent invalidity" — questions Rule 42(a) consolidation exists to manage even where Rule 20 joinder is unavailable. 677 F.3d at 1357, 1360.

Marvell will respond that it is not Google and a Marvell chip is not a Google server. While that may be true, it is beside the point: "[t]he fact that a defendant may be involved in one case and not the other is not sufficient to avoid consolidation." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983); *accord WSOU Invs., LLC v. Dell Techs. Inc.*, No. 6:20-cv-00473-ADA, ECF No. 161 at 6 (W.D. Tex. Mar. 4, 2022) ("Even if there are some questions that are not common, this does not preclude consolidation." (*quoting Gate Guard Servs. L.P. v. Solis*, 2011 WL 2784447, at *14 (S.D. Tex. July 12, 2011))). Issues unique to Marvell, including the '960, '919, and '316 Patents, stay Marvell issues, tried to Marvell's jury.

### II. Consolidation Avoids a Second, Independent Construction of Claim Terms That a Judicial Officer of This District Has Already Construed.

This District has consolidated related patent cases before trial when "the consolidation of pretrial matters in these cases, which include issues of discovery and claim construction, will promote efficiency and judicial economy, while still maintaining fairness." *Affinity Labs*, 2014 WL 12551206, at *5 (same patents, different defendants, different accused products). Two courts

doing the work produces the opposite: "[t]he risk of inconsistent decisions is eliminated when a single district court construes the patents for all related cases." *ACQIS LLC v. EMC Corp.*, 67 F. Supp. 3d 769, 780 (E.D. Tex. 2014).

The duplication here is measurable: claim construction was briefed four times over in each action. In the Google Action, that briefing has been argued and decided, including rejection of the indefiniteness challenge to the '197 "is to" limitations. Google Dkt. 80 at 25. In this action, the same "is to" dispute, on overlapping claims of the same patent, is fully briefed and awaits a decider. Dkt. 51 at 3; Dkt. 38 at 1. Absent consolidation, a second judicial officer of this District must decide the same question independently. One pretrial track is the structural answer: the Federal Circuit has found it "not plainly incorrect to conclude that having the same magistrate judge handle this and the co-pending case involving the same patent would be more efficient than requiring another magistrate or trial judge to start from scratch." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010).

The risk is not hypothetical. Google's Rule 72(a) objections challenge every '197 construction, including the plain-and-ordinary construction of "workload configuration input" / "workload configuration value" to which Marvell and Daedalus have *stipulated* here. Google Dkt. 86 at 1, 7–8; Dkt. 51 at 1. Under consolidation, that review can run once before Judge Counts,[3] with Marvell keeping every right to be heard on its own constructions. *See Tex. Instruments, Inc. v. Linear Techs. Corp.,* 182 F. Supp. 2d 580, 589–90 (E.D. Tex. 2002).

[3] *Network System Technologies, LLC v. Samsung Electronics Co.*, No. 2:22-CV-00481-JRG, 2023 WL 4534358, at *3 (E.D. Tex. July 13, 2023), denied pretrial consolidation where four related cases would still have produced "three separate *Markman* hearings, three different judges ruling on pretrial matters, and four separate trials," and both cases had *Markman* settings on divergent schedules. Here there are two actions; consolidation captures the entire pretrial overlap; one action already has its construction order; and the other has no hearing date at all.

## III. Pretrial-Only Consolidation Takes Nothing From Marvell.

The ultimate limit on Rule 42(a) is prejudice, *see St. Bernard,* 712 F.2d at 989, and consolidation short of trial carries none. Consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another," *Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 496–97 (1933), and Rule 42(a)(2) is the source of a court's "undisputed ability to consolidate cases for such limited purposes" as "motions practice or discovery," *Hall v. Hall,* 584 U.S. 59, 74 (2018). Each action keeps its own docket number, jury, and judgment. *See Miller v. U.S. Postal Serv.,* 729 F.2d 1033, 1036 (5th Cir. 1984) ("the two suits retain their separate identities and each requires the entry of a separate judgment"). Daedalus seeks no consolidation for trial, no venue change, no vacatur or modification of any existing order, and no ruling on the pending motions; operative deadlines remain unless the assigned judicial officer orders otherwise. Dispositive matters return to an Article III district judge by de novo review in any event. 28 U.S.C. § 636(b)(1)(B)–(C).

***Delay.*** Consolidation cannot delay a hearing that does not exist. Every setting was vacated on April 23, 2026, and nothing has been reset. Dkt. 38 at 1. The District's assignment order confirms the timetable: Judge Albright is assigned only matters transferred "by another judge by mutual consent until August 31, 2026." Amended Order Assigning the Business of the Court, Item XIII. Against that open-ended posture, the Google Action offers dated deadlines through an August 2, 2027 trial. Google Dkt. 83 at 1, 3.

***Stage.*** Consolidation "may properly be denied in instances where the cases are at different stages of preparedness for trial." *Mills,* 886 F.2d at 762. In both *Mills* and *St. Bernard*, the earlier case was ready or nearly ready for trial, while a later case was still in discovery. *See id.*; 712 F.2d at 990. Here, however, neither action is close to trial: Google's fact discovery runs to January 27, 2027, Google Dkt. 83 at 1, and this action effectively has no trial date at all. The request for

consolidation also runs in the proper direction: the later-filed action falls in behind the earlier-filed one. Courts in this District have allowed consolidation on those terms. *See Castaneda,* 2009 WL 10669207, at *3 (applying the one active case's schedule so all would "proceed through pre-trial preparation in lockstep"); *Affinity Labs,* 2014 WL 12551206, at *2, *4–5 (consolidating over a "wide disparity in procedural posture" objection).

***The Austin bargain.*** Marvell stipulated to the Austin Division, and this motion honors that choice. In the same stipulation the parties agreed "that they will not seek to transfer this Action to another division or district," Dkt. 19 at 2, and Daedalus does not. The stipulation's other premise (that the case "remain on the docket of Judge Albright," *id.*) is one that events, not Daedalus, have overtaken.

***Burden.*** Marvell's counsel of record here (Dkt. 51 at 3) were admitted *pro hac vice* for Google in the Google Action in March 2026, while the '197 construction disputes were pending before Judge Gilliland. Google Dkts. 61–63. Marvell itself has sought relief from the uncertainty the vacated settings created, Dkt. 55 at 1–2. This motion provides a defined path.

## CONCLUSION

Daedalus respectfully requests that the Court consolidate this action with the Google Action for pretrial purposes only; place this action before Judge Counts for pretrial administration, with pretrial matters referred to Magistrate Judge Gilliland on terms coextensive with Google Dkt. 11; and preserve separate trials, separate judgments, and trial of this action in the Austin Division. In the alternative, the Court should refer this action's pretrial matters to Magistrate Judge Gilliland under 28 U.S.C. § 636(b)(1)(A)–(B), so that he may decide whether to consolidate the referred pretrial proceedings.

Dated: August 28, 2026

Respectfully submitted,

/s/ Richard Koehl

Garland Stephens
LEAD ATTORNEY
Texas Bar No. 24053910
garland@bluepeak.law
Justin Constant
Texas Bar No. 24067551
justin@bluepeak.law
Richard Koehl
Texas Bar No. 24115754
richard@bluepeak.law
John Brinkmann
Texas Bar No. 24068091
john@bluepeak.law
**BLUE PEAK LAW GROUP LLP**
3139 West Holcombe Blvd, PMB 8160
Houston, TX 77025
Telephone: 281-972-3036

Robert Magee
California Bar No. 271443
robert@bluepeak.law
**BLUE PEAK LAW GROUP LLP**
3790 El Camino Real, PMB 846
Palo Alto, CA 94306
Telephone: 281-972-3036

Heng Gong
New York Bar No. 4930509
heng@bluepeak.law
Natalie Lieber
New York Bar No. 4672762
lieber@bluepeak.law
**BLUE PEAK LAW GROUP LLP**
PO Box 20006
New York, NY 10025
Telephone: 281-972-3036

*Of Counsel:*
Mark D. Siegmund
State Bar No. 24117055
Grace Yang
State Bar No. 24144144

**CHERRY JOHNSON SIEGMUND JAMES PLLC**
Bridgeview Center
7901 Fish Pond Road, 2nd Floor
Waco, Texas 76710
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
msiegmund@cjsjlaw.com
gyang@cjsjlaw.com

William D. Ellerman
Texas Bar No. 24007151
**CHERRY JOHNSON SIEGMUND JAMES PLLC**
One Glen Lakes Tower
8140 Walnut Hill Lane, Suite 105
Dallas, Texas 75231
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
wellerman@cjsjlaw.com

*Attorneys for Plaintiff Daedalus Prime LLC*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), counsel for Daedalus has conferred in good faith with counsel for Marvell in an attempt to resolve the matter by agreement. No agreement could be reached because Marvell contends that the requested relief is inconsistent with the parties' January 8, 2026 stipulation (Dkt. 19), in which the parties agreed to transfer this action to the Austin Division and agreed not to seek to transfer this action to another division or district; that Rule 42(a) does not provide a procedural basis for consolidating actions pending in different divisions absent transfer under 28 U.S.C. § 1404(b), citing *Hobbs v. Kendall*; that a referral under 28 U.S.C. § 636(b)(1) would not cure that defect; and that, in light of Judge Albright's impending departure, the better course is to await judicial reassignment. The motion is opposed.

/s/ Richard Koehl

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Richard Koehl