**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS,**
**AUSTIN DIVISION**

| | |
|---|---|
| DAEDALUS PRIME LLC<br>Plaintiff<br><br>v.<br><br>MARVELL TECHNOLOGY, INC.<br>Defendant | Civil Action No.: 1:26-cv-00081-ADA |

**DEFENDANT MARVELL TECHNOLOGY, INC.'S RESPONSE TO PLAINTIFF DAEDALUS PRIME LLC'S OPPOSED MOTION TO CONSOLIDATE**

## I. INTRODUCTION

Plaintiff Daedalus Prime LLC's ("Plaintiff") request to consolidate seeks to accomplish what Plaintiff agreed not to seek: move *Marvell*'s pretrial proceedings out of Austin and before the judicial officers handling *Google*. Plaintiff filed *Daedalus Prime LLC v. Google LLC*, No. 7:25-cv-00313-DC-DTG (W.D. Tex.) ("*Google*"), in Midland/Odessa before filing the above-captioned action ("*Marvell*"). In January 2026, the parties stipulated to transfer *Marvell* to Austin and expressly agreed that they "will not seek to transfer this Action to another division or district." ECF No. 19 at 2. Now, after the actions have proceeded separately, Plaintiff asks this Court to place *Marvell*'s pretrial proceedings before the judicial officers handling *Google*, while insisting that it seeks no transfer.

Neither 28 U.S.C. § 1404(b) nor 28 U.S.C. § 636 authorizes the relief Plaintiff seeks. Plaintiff moved for consolidation in the later-filed *Marvell*, rather than the first-filed *Google*, and seeks to consolidate cases pending in different divisions while expressly disclaiming the section 1404(b) transfer necessary to bring them before the same court. Section 636 supplies no alternative procedural basis for circumventing that requirement.

Moreover, Rule 42(a)'s discretionary factors independently weigh against consolidation. Although the actions share Plaintiff and certain asserted patents, their scope differs substantially. Only two asserted patents overlap, and nearly all accused product families are unique to each action. Consolidation thus would sweep substantial case-specific patents, products, and issues into a single proceeding, adding complexity rather than materially streamlining the limited issues the actions share. Plaintiff's Opposed Motion to Consolidate for Pretrial Purposes ("Motion") should therefore be denied.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed *Google* in the Midland/Odessa Division on July 15, 2025, *see Google*, ECF No. 1, and filed *Marvell* in the same division on September 8, 2025, *see* ECF No. 1. The actions share two asserted patents, but each action also includes patents not asserted in the other. *Compare* ECF No. 46, ¶ 1, *with Google* ECF No. 1, ¶ 1. The actions collectively assert eight

patents, only two of which overlap. U.S. Patent Nos. 10,372,197 ("'197 Patent") and 8,984,228[1] ("'228 Patent") are asserted in both actions. *See* ECF No. 39 at 1; ECF 46 No., ¶ 1; *Google*, ECF No. 1, ¶ 1; ECF No. 58 ("Mot.") at 3. Plaintiff in *Marvell* additionally asserts U.S. Patent Nos. 8,769,316 ("'316 Patent"), 10,705,960 ("'960 Patent"), and 10,725,919 ("'919 Patent"), while Plaintiff in *Google* additionally asserts U.S. Patent Nos. 8,775,833 ("'833 Patent"), 8,898,494 ("'494 Patent"), and 11,507,167 ("'167 Patent"). *See* Mot. at 3. Although the '833 Patent asserted in *Google* claims priority to the '316 Patent asserted in *Marvell*, six of the eight asserted patents are not common to both actions. *See id.*

The complaints themselves identify different accused product sets. In *Marvell*, Plaintiff principally accuses the Octeon 10, Octeon Fusion, and Structera A families/platforms, while in *Google*, Plaintiff principally accuses Tensor SoCs and the Axion microprocessor. *Compare* ECF No. 46, ¶¶ 43, 95, *with Google* ECF No. 1, ¶¶ 66, 78. Thus, even on the face of the complaints, the accused product sets are largely distinct. In addition, *Marvell* involves numerous custom products that are not accused in *Google*. *See* Exhibit 1[2].

On January 8, 2026, the parties stipulated to transfer *Marvell* to the Austin Division pursuant to 28 U.S.C. § 1404(b), agreeing that they "will not seek to transfer this Action to another division or district"; the Court granted the transfer the next day. ECF No. 19 at 2; ECF No. 20.

Each action has accordingly proceeded separately. In *Google*, Magistrate Judge Gilliland conducted a Markman hearing and issued a claim construction order on July 20, 2026. *See Google*, ECF No. 80. In *Marvell*, claim construction is fully briefed. *See* ECF No. 51. The scheduled Markman hearing was vacated, and has not been reset, waiting judicial reassignment.

---

[1] The United States Patent and Trademark Office's Patent Trial and Appeal Board has now determined by a preponderance of the evidence that most of the asserted claims of the '228 patent are unpatentable. *See Arm Ltd. v. Daedalus Prime LLC*, No. IPR2025-00207, Paper 39, at 58 (P.T.A.B. Sept. 9, 2026).

[2] Exhibit 1 compares the products Plaintiff has accused of infringement in *Marvell* and *Google*. Marvell understands that Daedalus identified the listed *Google* products/instrumentalities in its infringement contentions, but takes no position on whether they are properly accused.

*See* ECF No. 38 at 1 & App'x A; ECF No. 33 at 3.

On August 28, 2026, Plaintiff filed the present Motion seeking pretrial consolidation before Judge Counts and Magistrate Judge Gilliland while preserving a separate Austin trial. Mot. at 1. Alternatively, Plaintiff asks this Court to refer *Marvell*'s pretrial matters to Magistrate Judge Gilliland under 28 U.S.C. § 636(b)(1)(A)-(B) consolidation with *Google*. *Id*. at 1, 5-6.

## III. ARGUMENT

### A. Plaintiff's Rule 42(a) Motion Is Procedurally Improper

Plaintiff's request is procedurally improper for two independent reasons. First, the Motion was filed in the later-filed *Marvell*, rather than the first-filed *Google*, contrary to the first-filed rule. Second, the actions remain pending in different divisions without the transfer necessary to bring them together for consolidation.

#### 1. Plaintiff's Consolidation Request Belongs in the First-Filed Action

Under the first-filed rule, a consolidation request belongs in the first-filed action. *Benchmark Towing Sys., LLC v. Chacon Business Grp., Inc.*, No. 5:23-CV-0614-JKP, 2024 WL 4428983, at *1 (W.D. Tex. Oct. 4, 2024). There, the court denied a consolidation motion filed in the later-filed action, explaining that the motion should have been brought in the first-filed case and noting that the same principle generally applies when related cases are before different judges in the same district. *Id.*

That is the posture here. Plaintiff filed *Google* first and *Marvell* nearly two months later. Mot. at 3. Yet Plaintiff filed this Motion in *Marvell* while asking that the consolidated pretrial proceedings be administered by the judicial officers handling *Google*. *See id.* at 1. That procedural choice was improper. Plaintiff invoked the relationship between the actions while disregarding the first-filed rule governing the forum in which consolidation should have been sought.

#### 2. Cross-Divisional Consolidation Requires a Predicate Transfer

Plaintiff's request is also procedurally improper because the actions remain pending in different divisions. Rule 42(a) permits consolidation only of actions "before the court." Fed. R.

Civ. P. 42(a); *Hobbs v. Kendall*, No. 5:22-CV-00739-FB-RBF, ECF No. 13, at 2 (W.D. Tex. Dec. 15, 2022). *Hobbs* explained that a court lacks authority to consolidate cases remaining in other "districts or divisions." *Id*. Because the related cases remained in another division, consolidation was "not yet procedurally proper," and the court directed the parties first to seek transfer under § 1404(b). *Id*. at 2-3.

The same obstacle exists here. *Marvell* resides in the Austin Court, while *Google* remains in Midland/Odessa. However, Plaintiff stipulated that it would not seek transfer, and takes pains to try to disclaim § 1404(b) transfer in its Motion. Mot. at 6, 10. Labeling the requested relief "pretrial only" does not alter its cross-divisional character.

Plaintiff's reliance on *In re Dearborn Marine Serv., Inc.*, 499 F.2d 263 (5th Cir. 1974), is misplaced. *Dearborn* held only that the district court did not abuse its discretion by consolidating related actions pending in different divisions of the same district; it did not address whether Rule 42(a) itself authorizes cross-divisional consolidation without first transferring the actions under § 1404(b). *Id.* at 270-71. *Hobbs* addresses that precise question and holds that it does not: actions pending in another division are not yet "before the court" for purposes of Rule 42(a), and § 1404(b) transfer must precede consolidation. *See Hobbs*, ECF No. 13 at 2-3. *Dearborn* also did not involve, as this case does, a party that had previously stipulated not to seek another divisional transfer. Thus, *Dearborn* does not address either the procedural prerequisite identified in *Hobbs* or the additional constraint presented by Plaintiff's stipulation here.

### B. The January Stipulation Independently Weighs Against Transfer

Even if Plaintiff properly sought the required section 1404(b) transfer, the parties' January stipulation presents a separate obstacle. As part of the stipulated transfer from Midland/Odessa to Austin, which the Court granted on January 9, 2026, the parties expressly agreed and the Court ordered that they "will not seek to transfer this Action to another division or district." ECF No. 19 at 2; ECF No. 20. The parties agreed to this because Plaintiff did not properly establish venue for Marvell in Midland/Odessa in the first place. The stipulation additionally benefited Plaintiff in avoiding the costs of responding to a motion to transfer.

Having accepted that benefit and bargain, it is inequitable to allow Plaintiff to return the case to Midland/Odessa.

A stipulation among litigants "is akin to a contract." *U.S. v. McKinney*, 758 F.2d 1036, 1047 (5th Cir. 1985). Once made, a stipulation generally will be enforced. *Reed v. Maersk Line, Ltd.*, No. 3:19-cv-00238, 2021 WL 1845162, at *2 (S.D. Tex. May 7, 2021). Here, Plaintiff stipulated that neither party would seek to transfer this Action to another division or district, ECF No. 19 at 2, and the Court granted that stipulation and ordered the agreed § 1404(b) transfer to Austin, ECF No. 20. Plaintiff now seeks the same cross-divisional result that would require the transfer it agreed not to seek. It cannot circumvent that commitment by relabeling the requested relief as Rule 42(a) consolidation.

Plaintiff's reliance on Judge Albright's departure to avoid the "no transfer" stipulation is misplaced. Plaintiff argues that its Motion "honors" the parties' agreement not to transfer the case because it seeks only pretrial consolidation, while characterizing Judge Albright's continued assignment as a separate "premise" that events have overtaken. Mot. at 10. However, the stipulation separately provided that the contemplated assignment to Judge Albright was subject to his approval and that the parties "will not seek to transfer this Action to another division or district." *See* ECF No. 19 at 2. Nothing in the stipulation conditioned the no-transfer provision on Judge Albright's continued involvement. His departure, therefore, did not alter the parties' separate agreement not to seek transfer.

**C. 28 U.S.C. § 636 Does Not Cure Plaintiff's Procedural Defect**

Plaintiff alternatively asks this Court to refer Marvell's pretrial matters directly to Magistrate Judge Gilliland under 28 U.S.C. § 636(b)(1)(A)-(B), and then consolidate them with *Google*. Mot. at 1, 5-6. Section 636 does not supply an alternative route around the predicate required for consolidation. Rather, Section 636 permits a district judge to refer certain pretrial matters "pending before the court" to a magistrate judge. 28 U.S.C. § 636(b)(1)(A)-(B). It does not transfer an action between divisions, reassign an action to another district judge, or otherwise bring separately pending actions before the same court for purposes of Rule 42(a). *Johnson v. El*

*Centro del Barrio*, No. 5:23-CV-1200-JKP, 2023 WL 11756171, at *1 (W.D. Tex. Dec. 1, 2023), does not suggest otherwise. There, the actions were already pending before the same district judge; the issue was the magistrate judge's authority after referral. *Id*.

Plaintiff's reassignment authorities likewise show only the unremarkable fact that cases may be reassigned within a district, not that reassignment may be bypassed through section 636. *See* Mot. at 5 (citing *U.S. v. Stone*, 411 F.2d 597, 598 (5th Cir. 1969); *U.S. v. Martinez*, 686 F.2d 334, 338–39 (5th Cir. 1982); *Castaneda v. Swift Transportation Corp.*, No. EP-07-CV-369-DB, 2009 WL 10669207, at *1, *4 (W.D. Tex. July 15, 2009)). Indeed, *Castaneda* transferred the actions to Judge Briones before consolidating them. *Castaneda*, 2009 WL 10669207 at *1, *4 & nn.4, 6. Plaintiff's own proposed relief recognizes the missing step: it asks that *Marvell* be placed before Judge Counts only "subject to" his concurrence and the Western District's case-assignment orders. Mot. at 1. *Hobbs* confirms that section 636 cannot be used to bootstrap cross-divisional consolidation. There, the action had already been referred to a magistrate judge for pretrial matters, yet the court held that cases pending in another division were not "before the court" under Rule 42(a) and required § 1404(b) transfer before consolidation. *See supra* Section III(A)(2). The same follows here. Referring *Marvell* to Magistrate Judge Gilliland may identify who handles its pretrial matters; it does not transfer *Marvell* from Austin or otherwise satisfy the predicate for consolidating it with *Google*. Plaintiff cannot use section 636 to accomplish indirectly what Rule 42(a) and section 1404(b) require it to do directly.

### D. Rule 42(a)'s Factors Weigh Against Pretrial Consolidation

Even if Plaintiff's Motion were procedurally proper, which it is not, Rule 42(a)'s factors weigh against pretrial consolidation. In determining whether consolidation is appropriate, courts consider "(1) whether the actions are pending before the same court; (2) whether the actions involve a common party; (3) any risk of prejudice or confusion from consolidation; (4) the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; (5) whether consolidation will reduce the time and cost of trying the cases separately; and (6) whether the cases are at the same stage of preparation for trial." *Goldstein v. Forcepoint*

*LLC*, No. 1:17-CV-1194-RP, 2024 WL 2155273, at *2 (W.D. Tex. Apr. 16, 2024). Plaintiff bears the burden of showing that consolidation is proper. *See Frazier v. Garrison ISD*, 980 F.2d 1514, 1532 (5th Cir. 1993). It has not done so.

The first factor weighs against consolidation. The actions are pending in separate divisions before different judicial officers. Even assuming the first factor reaches actions separately pending in different divisions, it provides no affirmative support for consolidation. The second factor likewise provides little weight. Plaintiff is the only common party, while the defendants, nearly all accused products, and most asserted patents differ. The mere presence of a common plaintiff does little to justify coordinating otherwise distinct actions.

The third factor, prejudice and confusion, also weighs against consolidation. Plaintiff emphasizes that the cases would retain separate docket numbers, trials, and judgments. Mot. at 9. Those formal distinctions, however, do not address the prejudice created by combining pretrial proceedings that have developed on different records and at different stages with different products and patents. Marvell completed claim construction briefing, but never received its scheduled Markman hearing, while Magistrate Judge Gilliland held *Google's* hearing and issued a twenty-five-page claim construction order. *See* ECF Nos. 38, 51; *Google*, ECF No. 80; Mot. at 3-4. Further, Google's pending Rule 72(a) objections seek review of rulings made in its own case, based on its own briefing, argument, and record, in a proceeding in which Marvell had no opportunity to participate. Consolidation cannot avoid duplicative Markman proceedings because one has already occurred. Instead, it would risk making *Google*'s completed proceeding and pending Rule 72(a) review the starting point for adjudicating *Marvell*'s unresolved claim construction issues. That presents the same type of cross-case record problem Plaintiff previously argued "wouldn't work." *See* Exhibit 2. Separate docket numbers and an eventual Austin trial do not eliminate that prejudice.

The fourth factor does not justify consolidation because there is no material risk of inconsistent adjudications that cannot be addressed through ordinary judicial coordination. The Austin Court can, and will, consider rulings in *Google* without making that case's record the

basis for deciding *Marvell*. Indeed, Plaintiff has already filed the *Google* claim construction order as supplemental authority, *see* ECF No. 54, and any ruling on Google's pending Rule 72(a) objections can likewise be presented here. Moreover, overlapping patents or claim terms do not necessarily present the same disputes. Several constructions in *Marvell* are already agreed, and the remaining overlapping '197 indefiniteness issue is fully briefed. *See* ECF No. 51 at 1, 3; ECF No. 54; Mot. at 5. The differences between the separate cases are illustrated by the fact that Marvell and Plaintiff agreed that the workload-configuration terms receive their plain and ordinary meaning, while Google challenges that same construction in its case. *See* Mot. at 5. Ordinary coordination of relevant rulings therefore addresses any consistency concerns without importing *Google*'s distinct record into *Marvell.*

The fifth factor, efficiency and cost, weighs substantially against consolidation because the remaining work is predominantly case specific. The substantive overlap is limited. Only the '197 and '228 Patents are asserted against defendants in both actions; the remaining asserted patents differ between the two actions. *Compare* ECF No. 46, ¶ 1, *with Google*, ECF No. 1, ¶ 1. Plaintiff also overstates the overlap by describing both actions at a high level of generality as involving "processor products." Rule 42 efficiency turns on the actual issues and discovery to be coordinated, not whether the accused products fit within the same broad technological category. The accused products in the two actions are largely distinct, spanning different product families and platforms with only limited overlap. *See* Exhibit 1. As a result, the cases will require substantially different technical documents, witnesses, discovery, infringement analyses, expert work, and damages evidence. That divergence is particularly pronounced in *Marvell*, which also involves numerous customer-specific products that are not accused in *Google*. *See id*. Those additional products further increase the amount of product-specific technical discovery and analysis that would remain unique to *Marvell* notwithstanding consolidation.

Nor would consolidation produce meaningful claim construction efficiencies. Claim construction briefing is complete in both cases, and *Google* has already had its Markman hearing and received a claim construction order. *See* ECF No. 51; *Google*, ECF No. 80. The remaining

claim construction work is this Court's consideration, hearing, and resolution of Marvell's fully briefed positions. Consolidation, therefore, would not avoid duplicative *Markman* work because *Google*'s hearing has already occurred and its claim construction order has already issued. The remaining fact and expert discovery will likewise focus principally on defendant-specific products, technical evidence, witnesses, infringement theories, and damages because the accused products overwhelmingly differ.

The sixth factor, stage of preparation, also weighs strongly against consolidation. The cases have proceeded on separate schedules and procedural tracks, with discovery tailored to the distinct claims, accused products, and parties in each action. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989). *Google* has proceeded to Rule 72(a) objections, with fact discovery closing January 27, 2027. *See Google* ECF Nos. 80, 83, 86. *Marvell*, by contrast, has not held a *Markman* hearing, and fact discovery began only on July 14, 2026. *See* ECF Nos. 51, 56. Plaintiff's proposal that *Marvell* simply "falls in behind" *Google*, Mot. at 9, confirms the disruption consolidation would create. *Marvell* would have to conform its recently opened discovery to the more advanced *Google* schedule, or that schedule would have to be modified to accommodate *Marvell*. The fact that Marvell's counsel team has appeared in *Google*, or that Marvell has sought scheduling certainty in this action, does not eliminate those differences or make Marvell a party to *Google*.

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.* confirms the point. No. 2:22-CV-00125-JRG, 2023 WL 5613185, at *2 (E.D. Tex. Aug. 29, 2023). There, despite the same defendant, related patents, similar claims, and identically defined accused products and services, the court denied consolidation because the actions were "too far apart for it to be practical to consolidate them at this point." *Id*. at *1-2. It also recognized that overlapping discovery need not be wholly duplicative. *Id*. Here, where *Marvell* and *Google* involve different defendants, overwhelmingly different accused products, and materially different procedural postures, consolidation is even less justified than in *Entropic*.

On balance, Plaintiff has not shown that the limited overlap between the actions

outweighs the prejudice and disruption that consolidation would create.

## IV. CONCLUSION

For the foregoing reasons, Marvell respectfully requests that the Court deny Plaintiff's Motion to Consolidate, including Plaintiff's alternative request for referral under 28 U.S.C. § 636(b)(1)(A)-(B).

DATED: September 11, 2026

*<u>/s/ Jennifer Parker Ainsworth</u>*
Jennifer P. Ainsworth
TX State Bar No. 00784720
jainsworth@wilsonlawfirm.com
**WILSON, ROBERTSON & VANDEVENTER, P.C.**
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Telephone: 903-509-5000
Fax: 903-509-5091

Karineh Khachatourian
David Xue
Trevor Giampaoli
Amanda Ogata
Haley Sinfield
**KXT LAW, LLP**
1775 Woodside Road, Suite 204
Redwood City, California 94061
Telephone: 650-239-0420
Fax: 650-249-5013

*Attorneys for Defendant Marvell Technology, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document was served upon all counsel of record via email on this 11th day of September, 2026.

*/s/ Jennifer Parker Ainsworth*
Jennifer P. Ainsworth