**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| DAEDALUS PRIME LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 1:26-cv-00081-ADA |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| MARVELL TECHNOLOGY, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS OPPOSED MOTION TO CONSOLIDATE FOR PRETRIAL PURPOSES UNDER FED. R. CIV. P. 42(a)**

Marvell concedes the two cases share patents and overlapping legal issues. *See* Dkt. 61 at 2, 8. Its objections are primarily procedural. They do not foreclose the motion's request to refer this action's pretrial matters, under 28 U.S.C. § 636(b)(1), to Judge Gilliland and let him determine which proceedings warrant consolidation. Nor do they bar the motion's alternative and independent request, under Fed. R. Civ. P. 42(a), for this Court to consolidate this action and the Google Action, for pretrial purposes only, leaving Marvell for a separate trial in Austin.

**I. Filing This Motion Is Procedurally Proper.**

The first-filed rule favors referral: it directs action by the second-filed court, not paralysis. For example, *Save Power Ltd. v. Syntek Finance Corp.,* 121 F.3d 947 (5th Cir. 1997), applied the rule to "two judges in the same district" and ordered the ***second-filed*** judge to send the later case to the judge holding the first. *See id.* at 948, 950–51. That was only a transfer between judges, not a venue transfer. "Complete identity of parties is not required . . . ." *Id.* at 951.

The Google Action was filed first, and this District's patent-assignment order directs that a related-case motion be filed "in the court and with the judge presiding over the case sought to be removed"—i.e., in ***this*** Marvell case. *Order Assigning the Business of the Court as it Relates to*

*Patent Cases*, Part II (W.D. Tex. May 30, 2024). Marvell's own cases agree: *Benchmark* and *Hobbs* used the rule to route the motion and to choose the lead case, not to bar the second-filed court from acting. *See Benchmark Towing Sys. v. Chacon Bus. Grp.,* No. 5:23-CV-0614-JKP, 2024 WL 4428983, at *1 (W.D. Tex. Oct. 4, 2024); *Hobbs v. Kendall*, No. 5:22-CV-00739-FB-RBF, Dkt. No. 13, slip op. at 1–3 (W.D. Tex. Dec. 15, 2022). The movants in *Hobbs* sought to do the opposite of what this motion seeks: they sought an order to force ***other*** courts to send their cases to the court where the motion was filed, not for ***this*** Court to send this case away. *See id.* Marvell's objection proves the motion's point: a § 636(b)(1) referral, for example, to the officer already familiar with these patents, when this docket has no claim construction order, no settings, and no presiding district judge, is the deference this District's rule commands, and this Court can order it.

**II. The January 2026 Stipulation Bars Nothing the Motion Seeks.**

Marvell says "the parties expressly agreed and the Court ordered that they 'will not seek to transfer this Action to another division or district.'" Dkt. 61 at 4. The order granted the joint motion "in all things" and provides that this case is "TRANSFERRED pursuant to 28 U.S.C. 1404(b) from the Midland/Odessa Division to the Austin Division of the Western District of Texas and will REMAIN on the docket of the undersigned." Dkt. 20. The sentence Marvell attributes to the Court is a recital in the parties' stipulation. Dkt. 19 at 2.

Daedalus seeks no transfer and stands by the January recital. The reassignment paragraph "effects no transfer of venue and no change in the division in which this action is pending." Dkt. 58-1 ¶ 2. Parties are bound "only to the terms actually agreed upon," *United States v. McKinney,* 758 F.2d 1036, 1047 (5th Cir. 1985) (citation omitted). The recital bars another divisional or district transfer, but "internal reassignment of a case to another judicial officer does not amount to a divisional transfer of the case under 28 U.S.C. § 1404." *Curtis v. Egan,* No. 6:17cv576, 2019 WL 2588322, at *2 (E.D. Tex. May 10, 2019). Of the terms the Court did order, venue holds—this

action stays in Austin—and the docket assignment is one that events have overtaken. Moreover, even if there were any prejudice (and there is not), *McKinney* permits release from a pretrial agreement on reasonable notice. *See* 758 F.2d at 1047.

## III. A 28 U.S.C. § 636(b)(1) Referral to Magistrate Judge Gilliland Requires No Transfer, No Reassignment, and No Action by Any Other Judge.

A district judge may designate a magistrate judge "to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). This action is pending before this Court, and § 636 imposes no divisional limit on the designation. *See* 28 U.S.C. § 636(a); W.D. Tex. Loc. R. CV-72. Marvell concedes as much: referral "may identify who handles" this action's pretrial matters. Dkt. 61 at 6. Its assertion that Section 636 "does not transfer an action between divisions," Dkt. 61 at 5, is a red herring. Nothing of this case is sought to be transferred: its case number, division, venue, and ultimate trial all stay in Austin. *See* Dkt. 58 at 1; Dkt. 58-1 ¶¶ 1–2.

Marvell cites several Rule 42(a) cases in its Section 636 argument (*see* Dkt. 61 at 6), but those cases do not answer the completely independent referral requested here under § 636(b)(1). "[M]agistrate judges have authority to issue appropriate orders under Rule 42(a), including consolidating related actions." *Johnson v. El Centro del Barrio*, No. 5:23-CV-1200-JKP, 2023 WL 11756171, at *1 (W.D. Tex. Dec. 1, 2023). That *Johnson*'s actions were "already pending before the same district judge," Dkt. 61 at 6, is the referral's premise, not its flaw: Judge Gilliland likewise already holds the Google Action's pretrial matters here. Google Dkt. 11 at 1. If this case is referred, whether to consolidate the referred proceedings is then for him to decide. *See* Dkt. 58 at 10.

## IV. Rule 42(a)'s Factors Favor Coordinated Pretrial Proceedings.

***Other Actions (#1).*** Marvell's objection to placement before Judge Counts and Judge Gilliland under Rule 42(a) is *sequence* (Dkt. 61 at 6). But Dkt. 58-1 ¶ 2 supplies that step via reassignment under 28 U.S.C. § 137 and Item XIX(a) of this District's assignment order. *Amended*

*Order Assigning the Business of the Court*, Item XIX(a) (W.D. Tex. Aug. 31, 2026). And Rule 42(a)'s "actions before the court" means the District. *Dearborn*, on Marvell's own account, upheld "consolidating related actions pending in different divisions of the same district." Dkt. 61 at 4; *see In re Dearborn Marine Serv., Inc.*, 499 F.2d 263, 268, 270–71 (5th Cir. 1974). Similarly, in *LULAC v. Abbott*, an El Paso three-judge court consolidated six Austin Division actions, finding them all "before the same court (the Western District of Texas)," and expressly declined to change venue. No. 3:21-CV-00259-DCG-JES-JVB, 2021 WL 5417402, at *2 (W.D. Tex. Nov. 19, 2021).

***Common Parties (#2); Efficiency (#5).*** Marvell concedes the two actions share patents and overlapping legal issues. *See* Dkt. 61 at 1–2, 8. Its factor-two response—"Plaintiff is the only common party," Dkt. 61 at 7—is foreclosed by the Fifth Circuit: "[t]he fact that a defendant may be involved in one case and not the other is not sufficient to avoid consolidation." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.,* 712 F.2d 978, 989 (5th Cir. 1983). And Marvell's own Exhibit 1 identifies overlapping accused products. Dkt. 62. Nonoverlapping products' fact and expert discovery can and should remain case-specific. The concrete efficiency is placing unresolved common questions before a judicial officer already familiar with these matters.

***Inconsistent Rulings Avoided (#4); No Prejudice or Confusion (#3).*** The '197 "is to" indefiniteness question Judge Gilliland decided, Google Dkt. 80 at 25, is fully briefed and undecided here. Dkt. 51 at 3; Dkt. 61 at 8. Google's Rule 72(a) objections ask Judge Counts to reject the plain-meaning construction of the workload-configuration terms the parties agreed to here. Google Dkt. 86 at 7–8; Dkt. 51 at 1. Marvell calls that a difference, Dkt. 61 at 8; it is the risk of inconsistent constructions. Marvell itself proposed applying Google's findings here. Dkt. 61-1 at 2, 4. Daedalus's objection was to automatic adoption without a complete record in this action, not to consideration of common issues by the same judicial officer. *See id*. at 2–3. There is also no risk

of prejudice. Marvell's claim construction hearing should proceed on its own briefing and evidentiary record; consolidation will neither make Google's record evidence here nor make Google's rulings binding on Marvell.[1] Coordinated administration captures that benefit while preserving the separate records. Nor is there a risk of confusion at trial, as both trials proceed separately.

***Stage (#6).*** Both actions are in fact discovery: here since July 2026, *see* Dkt. 61 at 9; Dkt. 56 ¶¶ 1–2; there until January 27, 2027. Google Dkt. 83 at 1. *Entropic,* cited by Marvell (Dkt. 61 at 9), is inapposite. It denied consolidation where one action was "nearing the end of expert discovery" while the other's fact discovery was "just opening." *Entropic Commc'ns LLC. v. Charter Commc'ns, Inc.*, No. 2:22-CV-00125-JRG, 2023 WL 5613185, at *2 (E.D. Tex. Aug. 29, 2023). Here, both cases have months of fact discovery remaining, and consolidation requires neither accelerating Marvell's discovery nor postponing Google's schedule. The motion provides that "operative deadlines remain unless the assigned judicial officer orders otherwise." Dkt. 58 at 9. Common work should be coordinated where schedules permit; case-specific work should proceed separately where they do not. Nothing requires automatic adoption of Google's deadlines, and in any event, scheduling remains for the assigned judicial officer. *See* Dkt. 58-1 ¶ 3.

## V. Conclusion

For these reasons, the Court should refer this action's pretrial matters to Judge Gilliland under 28 U.S.C. § 636(b)(1), leaving consolidation to him; alternatively, consolidate for pretrial purposes and place this action before Judge Counts as Dkt. 58-1 ¶¶ 1–3 provide, with trial separately in Austin; or, at minimum, enter orders coordinating common issues under Rule 42(a)(3).

[1] Marvell's '228 footnote, Dkt. 61 at 2 n.1, identifies one more common question, not a difference. The Board's decision reaches only the challenged claims, not asserted claims 8–10 and 15. *Arm Ltd. v. Daedalus Prime LLC,* IPR2025-00207, Paper 39 at 58 (P.T.A.B. Sept. 9, 2026); *see* Dkt. 61 at 2 n.1 ("most"). That decision is subject to appeal, 35 U.S.C. § 319, and the patent remains asserted in both actions. *See* Dkt. 61 at 2.

Dated: September 18, 2026

Respectfully submitted,

*/s/ Richard Koehl*

Garland Stephens
LEAD ATTORNEY
Texas Bar No. 24053910
garland@bluepeak.law
Justin Constant
Texas Bar No. 24067551
justin@bluepeak.law
Richard Koehl
Texas Bar No. 24115754
richard@bluepeak.law
John Brinkmann
Texas Bar No. 24068091
john@bluepeak.law
**BLUE PEAK LAW GROUP LLP**
3139 West Holcombe Blvd, PMB 8160
Houston, TX 77025
Telephone: 281-972-3036

Robert Magee
California Bar No. 271443
robert@bluepeak.law
**BLUE PEAK LAW GROUP LLP**
3790 El Camino Real, PMB 846
Palo Alto, CA 94306
Telephone: 281-972-3036

Heng Gong
New York Bar No. 4930509
heng@bluepeak.law
Natalie Lieber
New York Bar No. 4672762
lieber@bluepeak.law
**BLUE PEAK LAW GROUP LLP**
PO Box 20006
New York, NY 10025
Telephone: 281-972-3036

*Of Counsel:*
Mark D. Siegmund
State Bar No. 24117055
Grace Yang
State Bar No. 24144144

**CHERRY JOHNSON SIEGMUND JAMES PLLC**
Bridgeview Center
7901 Fish Pond Road, 2nd Floor
Waco, Texas 76710
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
msiegmund@cjsjlaw.com
gyang@cjsjlaw.com

William D. Ellerman
Texas Bar No. 24007151
**CHERRY JOHNSON SIEGMUND JAMES PLLC**
One Glen Lakes Tower
8140 Walnut Hill Lane, Suite 105
Dallas, Texas 75231
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
wellerman@cjsjlaw.com

*Attorneys for Plaintiff Daedalus Prime LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Richard Koehl*